Richard S. Heller, J.
This is a claim to recover damages for the claimant’s alleged unlawful confinement at the Gowanda State Hospital. The period of confinement began on August 23, 1960 when the hospital authorities admitted her pursuant to a form order of commitment signed that day by Alton B. Davis, Justice of the Peace of the Town of Yorkshire, Cattaraugus County. The order recited that the claimant was before the court charged with “ Disorderly Conduct viol. Art. 70 Sec. 720 Penal Law ”, and after a recitation to the effect that the court had reasonable grounds to believe the defendant incapable of understanding the charge or making a defense, directed the Sheriff of Cattaraugus County to transfer her to the Gowanda State Hospital “ for a mental examination, pursuant to Section (658) (870) of the Code of Criminal Procedure.”
Upon the trial of the action, it appeared that on August 14, 1960 the claimant had been brought before the same court on a charge of having violated section 43 of the Penal Law. The arrest was made pursuant to a warrant which in turn was based upon an information signed by Trooper R. G. Smith of the New York State Police plus two depositions. When the claimant was brought before the court on August 14, she was advised of her rights and at her request the matter was adjourned to August 22,1960 at 7:0Q p.m., to give her an opportunity to retain counsel.
The testimony indicated that no appearance was made on August 22, but that on August 23, 1960 the claimant’s husband, Frank Montanaro, appeared before Judge Davis and signed a deposition alleging that the claimant had physically assaulted him. Although the deposition recites that the witness was produced upon the duly filed information of Trooper R. G. Smith of the New York State Police, the information charging the claimant with “Disorderly Conduct in violation of Article 70 Section 720 of the Penal Law ”, was never signed by the trooper as informant and the claimant was never brought before the court and arraigned on this charge.
Judge Davis testified that even though the order of commitment refers to the section 720 violation and was signed immediately after the filing of the husband’s deposition and the defective information purporting to charge such violation, the commitment was intended to be based on the section 43 charge, on which he still had jurisdiction over the claimant.
In any event, the claimant was accepted for examination at Gowanda State Hospital upon the basis of the order of commit *853 ment. While she was thus confined and on September 6, 1960, the claimant’s husband, at the suggestion of the hospital authorities, commenced a proceeding in the Cattaraugus County Court for the claimant’s certification pursuant to section 74 of the Mental Hygiene Law. Upon the husband’s petition and the certificates of two independent examining physicians, dated September 7, 1960, an order of certification was issued by the Cattaraugus County Court on September 12, 1960. Although the petition, apparently prepared by hospital personnel, recited that the claimant was not in confinement on a criminal charge, the charge of violation of section 720 of the Penal Law was not formally dismissed by Judge Davis until October 23, 1960.
The claimant was actually confined in the State hospital from August 23,1960 to March 3,1961, at which time she was released on convalescent status. She was not, however, finally discharged until December 20,1961. For the purposes of the present action, the period from her original commitment on August 23, 1960 to September 12, 1960 when the order of certification was made must be considered separately from the period of confinement subsequent to the entry of the order of certification.
With respect to the initial commitment, it appears that the claimant was unlawfully confined and is entitled to recover damages for such confinement from August 23,1960 to September 12, 1960. Although the order of commitment recites that the claimant was before the court on a charge of violating section 720 of the Penal Law, Trooper R. 0. Smith of the State Police, upon whose information the charge was lodged and who participated in the execution of the order of commitment, must be charged with knowledge of jurisdictional defects, i.e., that the information had never been signed and that the claimant had not been arraigned on the charge. (Mierop v. State of New York, 22 Misc 2d 216; Williams v. State of New York, 16 Misc 2d 109, affd. 9 A D 2d 415.)
With respect to the acceptance of the claimant by the hospital staff, it is, of course, settled that a commitment valid on its face is sufficient to enable the Superintendent of a hospital to admit a person. (Douglas v. State of New York, 269 App. Div. 521, affd. 296 N. Y. 530; Mierop v. State of New York, supra.) Thus the State ordinarily may not be held simply because jurisdictional defects not apparent on the face of the commitment order render the same and confinement thereunder subject to either direct or collateral attack on appeal or in a habeas corpus proceeding.
In the present case, however, even though the order of commitment appears to be valid on its face, there was no correspond *854 ence or other communication between the Justice of the Peace and the Director of the hospital as is apparently contemplated and required by section 660 of the Code of Criminal Procedure, where a defendant is to be examined at a place other than the point of his immediate detention. Claimant’s counsel has submitted to the court with his brief an unreported decision in which the Supreme Court sitting in Oneida County held in a habeas corpus proceeding that section 660 requires a written recommendation by the Director of a State hospital. (People ex rel. Homentowski v. Director of Marcy State, Hosp., Supreme Ct., Oneida County, Oct. 24, 1961.) Although this court questions whether the recommendation contemplated by section 660 must be in writing, the statute appears to require some form of communication between the committing Magistrate and hospital authorities and a recommendation by the latter. In the present case, no communication whatsoever was had and, although the order of commitment is silent on this point, the hospital staff must be charged with knowledge that no recommendation was asked for or given. (Mierop v. State of New York, supra.)
The State appeared to rely upon the fact that the committing Magistrate still had jurisdiction over the claimant on the section 43 charge and Judge Davis testified that the commitment order was supposed to have referred to such violation. In view of the obvious noncompliance with section 660 of the Code of Criminal Procedure, the court does not feel compelled to consider this argument.
With respect to claimant’s confinement subsequent to the entry of the order of certification by the Cattaraugus County Court on September 12, 1960, it appears obvious to the court that the crucial question with respect to the certification proceedings is whether the same and the resulting order are to be regarded as void or merely irregular or voidable. The distinction between regular or voidable process and void process in false imprisonment cases has long been recognized by the courts and has been defined by the Court of Appeals as follows: “ Void process is such as the court has no power to award, or has not acquired jurisdiction to issue in the particular case, or which does not in some material respect comply in form with the legal requisites of such process, or which loses its vitality in consequence of non-compliance with a condition subsequent, obedience to which is rendered essential. Irregular process is such as a court has general jurisdiction to issue, but which is unauthorized in the particular case by reason of the existence or non-existence of some fact or circumstance rendering it improper in such a case. *855 In all cases where a court has acquired jurisdiction in an action or proceeding, its order made or judgment rendered therein, is valid and enforceable and affords protection to all persons acting under it, although it may be afterward set aside or reversed as erroneous.” (Fischer v. Langbein, 103 N. Y. 84, 90.)
It must be conceded that the procedure followed in the present situation was irregular. The court cannot agree with the claimant’s attorney, however, in this contention.
The Cattaraugus County Court obviously had jurisdiction to entertain a proceeding for the certification of the claimant and thorough examination of the relevant provisions of the Mental Hygiene Law and the Code of Criminal Procedure convinces this court that the additional procedural requirement contained in, and the duties imposed upon public officials by, section 873 of the Code of Criminal Procedure were intended primarily for the protection of society. The fact that the claimant’s alleged abnormal behavior was brought to the attention of a court of competent jurisdiction by her husband rather than by a public official charged with a duty of doing the same thing does not, in the eyes of this court, render the certification procedure void.
For the foregoing reasons that portion of the claim with respect to confinement subsequent to the entry of the order of certification by the Cattaraugus County Court on September 12, 1960 is dismissed.
Since no attempt has been made by or on behalf of the claimant to have the order of certification annulled or vacated, the court feels compelled to dismiss the claim insofar as it pertains to confinement subsequent to the entry of such order on September 12, 1960.
It appears on the whole record that the claimant was unlawfully confined from August 23, 1960 to September 12, 1960 and for this confinement is entitled to damages in the amount of $2,000.