Dorothea E. Donaldson, J.
These four claims, not assigned or submitted to any other court or tribunal for determination, for damages for periods of confinement in either Matteawan *368 State Hospital or Marcy State Hospital, were predicated upon alleged false imprisonment and illegal detention.
Claim No. 39959 alleged false imprisonment and illegal detention at Matteawan State Hospital from February 27, 1957 to September 28, 1961.
Claim No. 39991 alleged false imprisonment and illegal detention at Marcy State Hospital from October 3,1961 to October 26, 1961.
Claim No. 40174 alleged false imprisonment and illegal detention, in addition to abuse of process and negligence, from November 2, 1961 to December 12, 1961, at Marcy State Hospital.
Claim No. 49104 alleged abuse of process and false imprisonment without conviction in Matteawan State Hospital from June 23, 1955 to January 6, 1967. Proof at trial does not support the claim beyond December 12, 1961. The duration of time in this claim, therefore, is amended from June 23, 1955 to December 12, 1961.
Claimant alleged no claim for punitive damages.
The defendant’s motion to dismiss Claim No. 49104 for failure to timely file is denied.
The exhibits submitted at trial, upon which objections were raised and the court reserved decision, are now received in evidence, the objections being overruled.
The request of claimant’s counsel to conform pleadings to the .proof, irregularly made in a reply brief and even though vague, is now granted.
In 1955, Michael Chomentowski operated a gas station and resided in an upper apartment on the site. On June 23, 1955 in the Town of Camillus, in the County of Onondaga, he was charged with two violations of section 1897 (subd. 1-a) and one violation of section 1897 (subd. 4) of the Penal Law, in the possession of two submachine guns and a 38-calibre revolver. After arraignment before the Justice of the Peace and held for action before the grand Jury, a Judge of the Onondaga County Court directed examination of the claimant with respect to his ability to understand the charges, and subsequently, by order dated August 2, 1955, directed that he be committed to the Matteawan State Hospital for custody and detention 1 ‘ until restored to his right mind”. Indictment under the charges was not had until January, 1957.
From the date of the 1955 order until a dismissal of the indictment on August 16, 1966, numerous proceedings were had, some of which were the bases for the claims hereinabove recited, four of which were denials of, and two were opinions *369 granting, writs of habeas corpus. Appeals on claimant’s behalf between 1956 and 1964 were taken to the Appellate Division, Fourth Department and Second Department, to the Federal Court, Northern District and on writ of certiorari to the United States Supreme Court, all of which were denied.
Claimant contended, first, that the orders committing him were invalid in that the medical authorities failed to follow strictly the statutory procedures under the Mental Hygiene Law and to properly take the authorized oath, which deprived the court of jurisdiction and constituted negligence and abuse of process substantiated as res judicata by opinions of Justices of the Supreme Court; second, that the order of August, 1955 was invalid on its face; and third, that claimant must be considered a sane person. The only testimony at trial was that of the claimant; most of the proof relied on was documentary evidence.
Two basic issues were presented in these claims; the first was whether the certification proceedings and the resulting orders were regular and valid or irregular and void. The Court of Appeals in Fischer v. Langbein (103 N. Y. 84, 90) has clearly defined the distinction between regular or voidable process and void process in false imprisonment cases, as follows: “Void process is such as the court has no power to award, or has not acquired jurisdiction to issue in the particular case, or which does not in some material respect comply in form with the legal requisites of such process, or which loses its vitality in consequence of non-compliance with a condition subsequent, obedience to which is rendered essential. Irregular process is such as a court has general jurisdiction to issue, but which is unauthorized in the particular case by reason of the existence or non-existence of some fact or circumstance rendering it improper in such a case. In all cases where a court has acquired jurisdiction in an action or proceeding, its order made or judgment rendered therein, is valid and enforceable and affords protection to all persons acting under it, although it may be afterwards set aside or reversed as erroneous.”
In these claims, no proof was submitted that attempts were made by or on behalf of the claimant to have an order of certification annulled or vacated. The writs of habeas corpus were granted on the basis of failure to follow statutory procedure or failure to adhere to statutory process. The granting of a writ or a release of an individual from confinement did not reflect that the court which initiated the certification proceedings did not have jurisdiction of the claimant but rather that the bases for the resulting order were defective. Since *370 in the original proceedings the court had jurisdiction of the subject matter and of the person of the claimant to enable it to make an order, even though the order was later found by a Justice of the Supreme Court to have been predicated upon an error, the State cannot be held liable in damages. (Harty v. State of New York, 29 A D 2d 243.)
The second issue was whether the confining authorities, namely those at Matteawan State Hospital or at Marcy State Hospital, were under a duty to institute an inquiry in order to satisfy themselves that no error had been committed in directing the commitment order and to determine the validity of the order on its face. Claimant relied on the commitment order of August 2, 1955 — which, in part, directed that the director of the Syracuse Psychopathic Hospital 1 ‘ forthwith transmit to this Court in quadruplicate a full and complete report ”, and later, in the body of the order, stated, “ Assistant Director of the Syracuse Psychopathic Hospital ”, “ designated doctor * * * and doctor * * * two qualified psychiatrists ” — as observable error and rendered the commitment order invalid on its face. The designations herein referred to are judicial determinations and not a part of the directive language of the commitment order. No proof was submitted to show that agents of the State failed to comply with the order or failed to read the contents of the order. The error, if any, in the order was within the confines of judicial determination. The order, as it directed, enabled the superintendent of a hospital to admit a person. (Montanaro v. State of New York, 42 Misc 2d 851.)
The opinions of the Justices of the Supreme Court in releasing the claimant from either of the State hospitals did not, in the belief of this court, either vacate or annul the orders of commitment." They merely required a reinstitution of the certification procedure, predicated upon strict observance of statutory process in order to ensure that claimant received all the rights and benefits of a review of his mental status in order to determine whether or not a recommitment was in order. In none of these opinions was a determination made that established illegality of imprisonment or detention or negligence and abuse of process. Even if such determination or determinations had been made, it does not, in and of itself, give rise to a claim for damages. The confining authorities were under a duty to comply with the commitment order even though the enforcement status of that order was not determined until a decision in the habeas corpus proceeding or in the review of procedure under the Mental Hygiene Law had been handed down. (Nastasi v. State of New York, 275 App. Div. 524, affd. 300 N. Y. 473.)
*371 The claimant has failed to sustain the burden of proof.
The claims must be, and hereby are, dismissed.
The defendant’s motions to dismiss these claims, upon which the court reserved decision, not hereinbefore ruled upon, are now granted.