MORIAL, Judge.
Andrew Areaux was arrested on June 30, 1973 and charged with several driving violations including driving while intoxicated. He refused to submit to the intoxi-meter test (alcohol analysis) which is administered pursuant to the implied consent statute. LSA-R.S. 32:661 et seq.[1]
The Department of Public Safety mailed to plaintiff via certified mail its “Official Notification of Withdrawal of Motor Vehicle Privileges,” dated July 18, 1973, which stated: “Your License Has Been Suspended * * * Refused Alcohol, Analysis * * *This notification further informed the plaintiff that “unless you request an administrative hearing within 30 days from receipt of this notification as per R.S. 32:668[2] you must return all items *686 checked [Operators, Registration Plates and Registration Certificate] to the Drivers License Division * * *
In accordance with the provisions of LSA-R.S. 32:668 the plaintiff timely requested an administrative hearing. A hearing, with the plaintiff present, was held on September 10, 1973. Upon conclusion of the hearing plaintiff was told he would be notified of the decision. The parties stipulated that the decision sustaining the suspension, which is not in the record, was mailed to the plaintiff on September 17, 1973 via ordinary first class mail. It is uncontradicted that plaintiff was unaware of this letter, which had been delivered to his address and misplaced by his aged mother, until on or about October 27, 1973 when he received a letter in an envelope postmarked October 26, 1973 from the Division of State Police, Department of Public Safety. This letter labeled “Second Notice” stated that plaintiff’s driver license had been suspended and directed him to surrender his license, license plate and registration certificate to the State Police Troop “B”, 100 Veterans Highway, New Orleans, Louisiana within twenty-four (24) hours or a warrant for his arrest would be issued. Plaintiff did not surrender the items.
On November 21, 1973 plaintiff filed a petition for a temporary restraining order and review of the order of suspension in the 24th Judicial District Court. Defendants filed a peremptory exception of prescription contending that the thirty (30) days delay for judicial review had prescribed when plaintiff’s petition was filed.
The district court overruled defendants exception on the grounds that the statute requires certified mail and provides for thirty (30) day period after receipt of notice of suspension within which to apply for judicial review.
After trial on the merits the district court rendered judgment in favor of the plaintiff, perpetuating the preliminary writ of injunction previously issued prohibiting the suspension of plaintiff’s license.
Defendants appeal and raise only the issue of the dismissal of their peremptory exception. They present a twofold argument: (1) the requirement for notification by certified mail applies to the initial notice only; and (2) the thirty (30) day period for judicial review begins on the date of mailing of the departmental decision sustaining the suspension. We answer defendants first argument in the negative and, therefore, their second contention warrants no disposition in this instance.
Under LSA-R.S. 32:667 the period of suspension does not begin to run until the license is delivered to the Department of Public Safety. The statutory design specifically accords to the licensee the opportunity for an administrative hearing, and notification thereafter, which is subject to judicial review prior to effective suspension provided by LSA-R.S. 32:668 which makes applicable the procedure of LSA-R.S. 32:414, particularly paragraph E, which states':
“Upon the conclusion of such investigation the person holding such. investigation shall prepare findings based upon the evidence received and considered. If the findings are to the effect that the person referred to herein is incompetent or is unfit to operate a motor vehicle upon any grounds upon which license *687 may be refused, as stated in this Chapter, the department, upon a review of such findings, shall have authority to forthwith revoke the license of such person, or if the findings are to the effect that the person therein referred to has by reason of negligence or reckless driving endangered life, limb, or property or has thereby caused loss of life or injury to person or property, the department, upon a review of such findings, shall have power to suspend the license of such person for a period not to exceed six months, or may revoke such license, and in either event shall require that such license be surrendered to the department. For cause satisfactory to the department, it is hereby authorized to suspend, cancel, or revoke the license of any person for a period of not more than one year. Any person whose license has been suspended, cancelled or revoked by the department shall be notified of such suspension, cancellation or revocation in writing by the department, which notice shall be sent by certified mail to the last address furnished by such person; whereupon the said person shall within five days return his or her license to the department. The failure on the part of any person to comply with this provision shall be punishable as herein provided. Any person denied license or whose license has been suspended, cancelled or revoked shall have the right to file an application within thirty days thereafter for a hearing before the district court of the parish in which the applicant resides, and such court is vested with jurisdiction to set the matter for hearing in open court upon ten days written notice to the department, and thereupon to determine whether the person is entitled to a license or is subject to suspension, cancellation or revocation of license under the provisions of this Chapter, and appeal from the district court may be taken to any court of competent appellate jurisdiction.” (emphasis supplied)
LSA-R.S. 32:414, subd. D states: “The department may conduct an investigation to determine whether the license shall be suspended, * * *Except for referring to a post investigation “ * * * hearing in open court * * * ” LSA-R. S. 32:414 does not employ the word hearing. Paragraph E of the statute clearly establishes the procedure to be employed by the department upon the conclusion of its investigation. This paragraph mandates that the licensee be notified in writing by certified mail of the department’s determination that his license has been suspended. It further provides for the right to file an application for judicial review within thirty (30) days “thereafter.”
LSA-R.S. 32:668 does not use the term investigation but provides “for a hearing in the same manner and under the same conditions as is provided in R.S. 32:414 for notification and hearings in the case of suspension of licenses.” It, therefore, becomes apparent that under R.S. 32:668 by providing for a hearing in the same manner and under the same conditions as is provided in 32:414 where the term investigation is employed, that the legislature’s common intendment is to use “investigation” and “hearing” interchangeably. Particularly, must we reach this opinion in view of the requirements at the conclusion of an R.S. 32:414 investigation that, * * * the person holding such investigation shall prepare findings based upon the evidence received and considered. Such elements as we emphasize, while essential to a hearing, are not necessarily required to give validity to an investigation.
Suspension of a license after an R.S. 32:668 hearing is no less a deprivation of the privilege to drive than is a suspension after an R.S. 32:414 investigation. Accordingly, it is apparent that the legislature in its wisdom grafted into R.S. 32:668 the method of mailing notification essential to a post R.S. 32:414 investigation suspension.
*688 The statute [3] which originally called for registered mail was amended[4] to require certified mail. Obviously it was the intention of the legislature when the statute was amended to. require a method of mailing that would either provide proof of mailing or .delivery to the address shown or both. However, at the present time, certified mail is of no intrinsic value to a sender who requires proof of delivery. The sender may, if he wishes, obtain a receipt at the time of mailing. Absent a request for either a “return receipt” to the sender, which is proof of delivery, or a request for delivery to “addressee only,” for which optional service(s) an additional fee is exacted of the sender, certified mail does not any more guarantee delivery to other than the address than does ordinary first class mail. The only difference between the handling of ordinary first class and certified mail is that the latter has marked on the envelope “Certified Mail” together with a number and a delivery receipt is obtained when it reaches the destination post office.[5] Nevertheless, notification of sustaining an order of suspension after an R.S. 32:668 hearing must be sent by certified mail to the last address furnished by the licensee.
For the foregoing reasons, the judgment of the district court is affirmed.
Affirmed.
SAMUEL and STOULIG, JJ., concur with written reasons.

. The provision of the implied consent statute pertinent to this case is in LSA-R.S. 32:667 which states:
“If a person under arrest refuses upon the request of a law enforcement officer to submit to a chemical test designated by the law enforcement agency as provided in R.S. 32 :- 661, none shall be given. In all such cases the law enforcement officer shall submit a sworn report in a form approved by the director of public safety to the department of public safety that he had reasonable grounds to believe the arrested person had been driving or was in actual physical control of a motor vehicle upon the public highways of this state while under the influence of alcoholic beverages, that he had informed the arrested person as provided in R.S. 32:661(0) and that the person had refused to submit to the test upon the request of the law enforcement officer. Upon receipt of the sworn report the department of public safety shall suspend the license of said person or his permit to drive, or any nonresident operating privilege for a period of sia> months from the date said license is delivered to the department of public safety. This suspension shall be in addition to any subsequent suspension or revocation of the license of any such person arising out of such actions for operating a vehicle while under the influence of alcoholic beverages. If the person is a resident without a license or permit to operate a motor vehicle in this state, the department of public safety shall deny the issuance of a license or permit to such person for a period of six months after the date of the alleged violation, subject to review as hereinafter provided.” (emphasis supplied)

. The full text of R.S. 32:668 is as follows:
“A. Upon suspending the license or permit to drive or nonresident operating privilege of any person, or upon determining that the issuance of a license or permit shall be denied to the person, the state department of public safety shall immediately notify the person in writing and upon his request shall afford him an opportunity for a hearing in the same manner and under the same conditions as is provided in R.S. SS:JfH for notification and hearings in the case of suspension of licenses, except that the scope of such a hearing for the purposes of this part shall cover the issues of whether a law enforcement officer had reasonable grounds to believe the person had been driving or was in actual physical control of a motor vehicle upon the public highways of this state while under the influence of alcoholic beverages, whether the person was placed under arrest, whether he was warned by the officer as provided in R.S. 32:661(c) and whether he refused to submit to the test upon the request of the officer. After the hearing the department of public safety shall order that the suspension or determination that there should be a denial of issuance either be rescinded or sustained. Provided, however, if there is a finding that the person was not informed of the results *686 of refusing to take the test, then his license or permit to drive or nonresident operating privilege shall not be suspended.
“B. If the suspension or determination that there shall be a denial of issuance is sustained after such a hearing, the person whose license or permit to drive or nonresident operating privilege has been suspended or to whom a license or permit is denied shall have the right to file a petition in appropriate court for a review of the final order of suspension or denial by the State Department of Public Safety in the same manner and under the same conditions as is provided in R.S. in the cases of suspension, revocation and cancellation of licenses.” (emphasis supplied)

. Acts 1958, No. 85 § 1.

. Acts 1968, No. 597 § 1.

. Post Office Services Manual (Domestic) TL-1, 10-1-70, Issue 1, Part 168, Certified Mail; Mail Services and How to Use Them, United States Postal Service Publication.