303 So.2d 226 (1974)
Dudley J. VICKNAIR, Sr.
v.
STATE of Louisiana, DEPARTMENT OF PUBLIC SAFETY.
No. 6451.
Court of Appeal of Louisiana, Fourth Circuit.
November 7, 1974.
Ralph L. Barnett, Gretna, for plaintiff-appellee.
Department of Public Safety, Foye L. Lowe, Jr., Associate Gen. Counsel, Baton Rouge, for defendant-appellant.
Before LEMMON, GULOTTA and SCHOTT, JJ.
LEMMON, Judge.
Upon receiving evidence that plaintiff had pleaded guilty to two separate violations of R.S. 14:98, the crime of operating a vehicle while intoxicated, the Department of Public Safety commenced proceedings to revoke plaintiff's driving license for twelve months, pursuant to R.S. 32:414, subd. B(2).[1] Plaintiff received a notice *227 of revocation and subsequently applied to the district court for a hearing.[2]
After the hearing, the trial court rendered judgment, ordering plaintiff's driving privileges suspended for one year, but allowing him to drive to and from work and to drive when necessary to his employment. The Department appealed, questioning the authority of the trial court under these conditions to suspend, rather than revoke, the license and to allow limited driving privileges.
R.S. 32:414, subd. B mandates revocation of the license of a person who pleads guilty to a second offense of driving while intoxicated. When a driver's license is revoked, the license is terminated and cannot be renewed, although the licensee may present an application for a new license one year after revocation. R.S. 32:4401 (8). On the other hand, suspension of the license is the temporary withdrawal during the period of suspension. R.S. 32:401(9).
The legislature has provided in first offense cases for suspension of the license only, and under certain conditions and with the approval of the court, the Department may reinstate privileges, limited to driving necessary to earn a livelihood. R.S. 32:414, subd. A. In second offense cases, however, the legislature has commanded revocation and has made no provision for exceptions in hardship cases. This indicates a legislative intent that allowance of driving privileges suspension be limited to first offenders and that the revocation penalty be manditorily imposed on second offenders. Gardner v. Dept. of Public Safety 198 So.2d 184 (La.App.3rd Cir. 1967).
We therefore conclude that the trial court had no discretion to suspend the license, rather than revoke it, or to grant limited driving privileges prior to issuance of a new license.
Finally, the Department argues the trial court erred in making the penalty effective on the date of the Department's mailing the notice of revocation.
R.S. 32:414, subd. E provides for notice of revocation and for immediate surrender of the license, although the statute does not specifically state when the revocation becomes effective. Because the statute further provides for the right to apply for a hearing, the revocation clearly cannot become effective immediately if the licensee avails himself of this right. If so, the licensee could effectively shorten the penalty period simply by applying for a hearing. Conversely, it would be unfair and unconstitutional for the penalty period to begin until the licensee has had an opportunity to be heard.
We conclude that when a hearing has been applied for and a judgment of revocation rendered after the hearing, the revocation becomes effective when the licensee surrenders his license. The statute provides other penalties for failure to surrender the license.
Accordingly, the judgment of the trial court is amended to revoke the driver's license of Dudley J. Vicknair for a period of twelve months, commencing upon surrender of the license to the Department of Public Safety. As amended, the judgment is affirmed.
Amended and affirmed.
NOTES
[1] R.S. 32:414, subd. B(2) reads:

"B. The department shall forthwith revoke the license of any person, for a period of twelve months, upon receiving satisfactory evidence of the conviction or of the entry of a plea of guilty and sentence thereupon or of the forfeiture of bail of any such person charged with any of the following crimes:
* * * * *
"(2) Conviction or the entry of a plea of guilty and sentence thereupon, or of the forfeiture of bail of any such person on the second or subsequent offense for operating or being in actual physical control of a motor vehicle while under the influence of intoxicating beverages, of central nervous system stimulants or depressants, or of narcotic drugs or any other drug or substance to a degree which renders him incapable of safely operating a motor vehicle, where any or all of the offenses were the result of violations of a state law or a municipal ordinance or any combination of them;"
[2] The record does not show when the notice was mailed or received. Therefore, although this suit was filed more than 30 days after the date shown on the notice, we cannot determine that the application for hearing was filed untimely. Areaux v. Dept. of Public Safety, 297 So.2d 684 (La.App.4th Cir. 1974).