304 So.2d 758 (1974)
STATE of Louisiana
v.
Kenneth L. CORNELISON.
No. 6426.
Court of Appeal of Louisiana, Fourth Circuit.
December 10, 1974.
*759 Foye L. Lowe, Jr., Associate Gen. Counsel, Baton Rouge, for appellee.
John W. Robinson, Gretna, for appellant.
Before STOULIG and MORIAL, JJ., and BARON B. BOURG, J. Pro. Tem.
STOULIG, Judge.
This is an appeal from a judgment affirming the action of the State of Louisiana, Department of Public Safety, License Control and Driver Improvement Division in suspending for one year the driver's license and vehicle registration privileges of Kenneth L. Cornelison under R.S. 32:414(B)(2) and R.S. 32:896(A). Appellant was notified of the Department's action by letter dated September 4, 1973 and he timely applied to the district court for a judicial review.
At the hearing, the Department introduced evidence establishing that appellant was either found or pleaded guilty to a charge of driving while intoxicated on two occasions. Appellant admits DWI convictions on January 22, 1968 and July 31, 1972; however the gravamen of his complaint is that the Department waited more than a year after the second conviction before issuing the suspension order and this undue delay violates R.S. 32:414 and contravenes his guarantee to the administration of justice without unreasonable delay under LSA-Const. Art. 1, § 6.
Appellant, relying on the following language from R.S. 32:414(B) "[t]he department shall forthwith revoke * * * [emphasis added]" and the case of Smith v. Department of Public Safety,[1] contends that the Department had a twofold burden of proving the appellant's two DWI convictions and that it acted promptly upon receiving this information. This argument is without merit. Smith stands for the proposition that in a judicial review of the revocation of a driver's license, the burden rests with the State of Louisiana to prove the prior DWI convictions. Appellant attempts to enlarge this burden of proof to encompass receipt of notice by the Department. Such an extension is not warranted under the rationale of Smith.
The statutory mandate that the license be revoked forthwith is circumscribed by the limitation that the Department shall act only "upon receiving satisfactory evidence of the conviction or of the entry of a plea of guilty." R.S. 32:414(B). This qualification presupposes prior administrative functions at the trial court and Department levels. The record does not reflect when the Department was notified of the latter conviction of July 31, 1972.
The "forthwith" mandate of the statute is directed to the Department for the purpose of protecting the public at large from the habitually intoxicated motorist and not to create by implication a prescriptive period to relieve the convicted driver from the penalties of his own misconduct. There is no evidence that appellant was prejudiced in any way during the 14 months which elapsed between the second conviction and the notice of revocation.
The constitutional argument is not persuasive. LSA-Const. Art. 1, § 6 is designed to insure the impartial administration of justice within a reasonable time to "every person for injury done him in his rights, lands, goods, person or reputation." We do not think this general article applies to the instant case where the State imposes a penalty on the appellant for multiple violations of law against driving while intoxicated.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.
NOTES
[1] 254 So.2d 515 (La.App. 4th Cir. 1971).