311 So.2d 547 (1975)
Vern D. HENDRYX, Plaintiff-Appellee,
v.
STATE of Louisiana, DEPARTMENT OF PUBLIC SAFETY, Defendant-Appellant.
No. 4942.
Court of Appeal of Louisiana, Third Circuit.
April 21, 1975.
James C. Dixon, Dept. of Public Safety, Baton Rouge, for defendant-appellant.
Gordie R. White, New Iberia, for plaintiff-appellee.
Before HOOD, MILLER and WATSON, JJ.
MILLER, Judge.
Defendant Louisiana Department of Public Safety appeals the judgment modifying the Department's suspension of plaintiff Vern D. Hendryx's driver's license *548 to allow limited driving privileges. We amend to strike the modification.
Pursuant to Louisiana's "Implied Consent Statute" (LSA-R.S. 32:661 et seq.) the Department suspended Hendryx's driver's license for a six month period for his refusal to submit to a sobriety test. Upon Hendryx's request an administrative hearing was held. When the suspension was affirmed, Hendryx applied for judicial review of the Department's ruling.
The trial court affirmed the Department's suspension of his driver's license, but amended the suspension to grant driving privileges limited solely to operation of his employer's vehicles while on company business.
Only one issue is presented and that is: Can the trial court grant limited driving privileges to a person whose driver's license has been suspended pursuant to LSA-R.S. 32:661 et seq.? We hold the legislature has commanded suspension under this statute and has made no provision for exceptions in hardship cases.
LSA-R.S. 32:401(9), defines "suspension" to mean "that the driver's license to drive a motor vehicle on the highways is temporarily withdrawn during the period of such suspension."
Upon receipt of the law enforcement officer's sworn report LSA-R.S. 32:667 requires that it be established that 1) the officer had reasonable grounds to believe the arrested person was driving while intoxicated, 2) he had informed the arrested person pursuant to LSA-R.S. 32:661(C), and 3) the person had refused to submit to the sobriety test. When these requirements are met, the department shall suspend the driver's license of said person for six months commencing the date the license is delivered to the Department. The suspension shall be in addition to any subsequent suspension arising out of the DWI offense.
LSA-R.S. 32:668 requires the Department to notify the offender in writing and upon his request shall afford him an opportunity for a hearing as provided in LSA-R.S. 32:414, except the scope of that hearing is limited to determine whether or not the requirements of LSA-R.S. 32:667 have been met. If the suspension is sustained, the offender shall have the right to petition the appropriate court for a review of the order of suspension in the same manner and under the same conditions provided for in LSA-R.S. 32:414 in cases of suspensions, revocations, and cancellations of licenses.
Plaintiff contends LSA-R.S. 32:414(E) applies and the district court is vested with jurisdiction to determine "whether the person is entitled to a license or is subject to suspension, cancellation or revocation of license . . . ." He argues that the trial court is vested with a wide latitude of discretion in this matter. We do not agree.
There is no hardship provision in LSA-R.S. 32-667 similar to that provided' in LSA-R.S. 32:414(A) for first offender DWI convictions. When the statute applies, the suspension is required. The words "shall suspend" in LSA-R.S. 32:667, are mandatory, not permissive. LSA-R.S. 1:3.
In Vicknair v. State, Department of Public Safety, 303 So.2d 226 (La.App. 4 Cir. 1974), the court reached the same result holding under LSA-R.S. 32:414(B) there is no discretion to grant limited driving privileges in hardship cases for second offense DWI.
Hendryx argues in brief that he answered the appeal and contends the trial court erred in affirming the Department's determination that the license was properly suspended; that the law enforcement officer acted reasonably under the circumstances; and that Hendryx refused to submit to the sobriety test after being fully informed as to the consequences and effect of his refusal. Failing to find an answer to the appeal, we do not consider these contentions.
*549 We affirm the trial court's affirmation of the Department's suspension of Hendryx's driver's license. We amend the judgment to delete the limited driving privileges granted to Hendryx. Hendryx's driver's license is suspended for a period of six months commencing upon the surrender of the license to the Department of Public Safety. All costs of trial and appeal are taxed to plaintiff Vern D. Hendryx.
Amended and affirmed.