JULIAN E. BAILES, Judge Pro Tem.
Appellant Director (herein sometimes referred to as the department) appeals the judgment of the district court ordering him to issue to plaintiff-appellee a driver’s license upon plaintiff complying with applicable provisions of law. From our view of the proceedings, we determine the judgment appealed is correct, and accordingly, we affirm.
The plaintiff pleaded guilty to the crime of negligent homicide in the Twenty-fifth Judicial District Court, Plaquemine Parish, Louisiana, on May 3, 1973. He was sentenced to one year in jail. This sentence was suspended and he was placed on unsupervised probation for a period of two years. Upon receipt of notice of the plea of guilty to the crime of negligent homicide and sentence of plaintiff in the district court, the appellant, on May 24, 1973, addressed a notice to plaintiff that his license had been “suspended” because of (his commission of the crime of) negligent homicide. This notice was addressed to him at his then correct address and dispatched by certified mail, however, for some reason not explained by the record, the letter was never delivered.
On January 3, 1974 (his birthday), plaintiff applied for a renewal of his license and at this time he was given the usual sixty day temporary permit to drive. No new driver’s license was received by plaintiff. In the latter part of March, 1974, he called the office where he had applied for a renewal of his license whereupon he was told that there was probably some “mix-up” and that it would probably arrive shortly. In August, 1974, plaintiff called the Department of Public Safety to make further inquiry of his driver’s license. At this time he was told that his license had been suspended because of a wreck he had had in 1972.
The trial court, inter alia, held:
«‡ Í ‡
“The court concludes that under the above provisions (referring to R.S. 32:414, as amended) the suspension (or revocation under Section 414B.) was effective on the date of the order and that there is no provision for the abeyance of the effective date until the relinquishment of the license.
“The defendant has adopted a practical approach to a very real problem, but it appears that it has no authorization for it.”
The pertinent part of R.S. 32:414 provides :
“§ 414
“A. * * *
“B. The. department shall forthwith revoke the license of any person, for a period of twelve months, upon receiving satisfactory evidence of the conviction or of the entry of a plea of guilty and sentence thereupon or of the forfeiture of bail of any such person charged with any of the following crimes:
(1) Manslaughter or negligent homicide resulting from the operation of a motor vehicle.”
It is obvious to us that paragraph B of R.S. 32:414 is complete and stands *494 apart from the remaining- paragraphs and subparagraph of this section.
Paragraph C makes obligatory certain action of the department upon receipt of satisfactory evidence that a license holder has violated any of the provisions of R.S. 32:414.1 constituting an unlawful use of a driver’s license.
Paragraph D directs that “[T]he department may conduct an investigation to determine whether the license shall be suspended, cancelled or revoked upon a showing by its records or other sufficient evidence that the licensee:
“(1) Has committed an offense for which mandatory revocation of license is required;
“(2) Has been involved as a driver in any accident resulting in the death or personal injury of another or serious property damage;
“ * * if >»
Paragraph E details the procedure to be followed by the department when an investigation has been held and has been concluded. There is provided therein the procedure for notifying the person whose license shall have been suspended, cancelled or revoked as a result of cause found satisfactory to the department, and for judical review of the action of the department in such suspension, cancellation or revocation.
Paragraph B provides “The department shall forthwith revoke the license * * * ” which under R.S. 1:3 we must construe to mean action mandatory on the department and about which the department has no discretion whatever. For causes and reason clearly apart from paragraph B, the department may hold an investigation and make certain administrative determinations and take certain action affecting driver’s licenses, all subject to judicial review. However, the action mandated by R.S. 32:414B is to “forthwith revoke the license.”
On May 24, 1973, the defendant department attempted to send plaintiff a notice of revocation of his license, although the notice is of suspension of license.
There is no procedure that we have been referred to or which our research discloses which provides for a notice of revocation of a driver’s license revoked under the provisions of R.S. 32:414B, or the surrender of a driver’s license revoked thereunder.
The notice which the defendant department sought to send plaintiff on May 24, 1973, does evidence the fact that the department did forthwith or immediately revoke the plaintiff’s driver’s license as required by R.S. 32:414B. We find it is that date which commenced the running of the twelve month period.
Defendant relies on the holding of the court in Vicknair v. State, Department of Public Safety, 303 So.2d 226 (La.App. 4th Cir. 1974) as controlling herein. Therein, the court did not consider nor discuss the inapplicability of the hearing procedure to an offense defined in R.S. 32:414B and a revocation made mandatory thereby. Clearly, the legislature has ordered the revocation of the driver’s license under R. S. 32:414B and there is no discretion left to the department. Insofar as paragraph B is operative, the department has merely an administrative function to perform. Not so though under paragraph C and D for paragraph E, in part, provides “ * * * For cause satisfactory to the department, it is hereby authorized to suspend, cancel, or revoke the license of any person for a period of not more than one year. * * * »
Defendant has also cited Areaux v. Department of Public Safety, et al, 297 So.2d 684 (La.App. 4th Cir. 1974) and Harrison v. State of Louisiana, etc., La. App., 298 So.2d 312, both cases involving suspension of drivers’ licenses for refusal to submit to an alcohol analysis test wherein the question of lack of notice was raised. These cases have no application. There is *495 no issue herein of lack of notice or denial of due process. The plaintiff has made no issue of this kind, and certainly the defendant cannot raise it.
For the foregoing reasons, the judgment of the trial court is affirmed.
Affirmed.