315 So.2d 912 (1975)
William H. SPENCER
v.
STATE of Louisiana, DEPARTMENT OF PUBLIC SAFETY.
No. 6910.
Court of Appeal of Louisiana, Fourth Circuit.
July 8, 1975.
Clyde A. Ramirez, New Orleans, for plaintiff-appellant.
Foye L. Lowe, Jr., Baton Rouge, for defendant-appellee.
Before GULOTTA, STOULIG and BEER, JJ.
BEER, Judge.
On July 12, 1973 Plaintiff-Appellant, William Spencer, was arrested for driving while under the influence of alcohol. He was taken to Central Lockup where he refused to take an intoximeter test. Thereafter, pursuant to LSA-R.S. 32:661 et seq. he was notified by the Department of Public Safety that his license was being suspended. LSA-R.S. 32:668(A) guarantees a hearing, upon request, to one who is about to have his license suspended. This hearing was held and the license suspension was ordered by the Department of Public Safety.
LSA-R.S. 32:668(B) and 32:414(E) afford a person whose license has been suspended the right to judicial review in the district court in the parish of his domicile. Such a hearing took place before the Civil District Court for the Parish of Orleans. In that proceeding appellant sought to allege that the suspension of his license would cause him grave hardship and that he should be allowed driving privileges limited strictly to his employment as specified in LSA-R.S. 32:414(A). The district judge refused to permit the introduction of evidence supportive of the alleged grave hardship and affirmed the license suspension *913 ordered by the Department of Public Safety. We affirm.
Appellant has presented three issues for our determination: (1) whether the hearing specified in LSA-R.S. 32:668(A) is violative of the constitutional guarantees of equal protection and due process of the law; (2) whether the license suspension pursuant to refusal to submit to the intoximeter test constitutes cruel and unusual punishment; and (3) whether the trial court erred in holding that the limited driving privileges allowed by LSA-R.S. 32:414(A) do not apply in a situation where one has refused to take an intoximeter test.
In Harrison v. State Dept. of Pub. Safety, Driv. Lic. Div., 298 So.2d 312 (La.App. 4th Cir. 1974) we specifically held that the hearing afforded by LSA-R.S. 32:668 satisfied constitutional standards of procedural process. We now further hold the statute does not abridge the constitutional guarantee of equal protection under the law for it clearly applies uniformly to all who come within its provisions.
The license suspension resulting from the refusal to submit to the intoximeter test does not constitute cruel and unusual punishment, or, for that matter, punishment at all. The license suspension is merely a revocation of a privilege granted by the State. We stated in Harrison, supra:
"The right to drive being a privilege granted by the State, it has for the protection of the public, imposed conditions on that privilege; one being that a person consent to a chemical test under the specified conditions of the Statute. (Vehicle and Traffic Law, § 1194). Once the conditions of the Statute are met, refusal to take the test results in a mandatory loss of license * * *" (Id. [42 Misc.2d 851] 249 N.Y.S.2d at 364, 365)'264 So.2d at 727." at 318.
"R.S. 32:667 and R.S. 32:668 are intended to promote public safety on Louisiana highways by imposing withdrawal of licensing privileges from motorists arrested for driving while intoxicated under certain circumstances. As we view it the withdrawal of licensing privileges, for a given period is a civil sanction. * * *." at 319.
The Louisiana Court of Appeal for the Third Circuit has recently addressed itself to the exact issue presented by appellant's third specification of error. In Hendryx v. State, Department of Public Safety, 311 So.2d 547, 548 (La.App. 3rd Cir. 1975) the court stated:
"There is no hardship provision in LSA-R.S. 32:667 similar to that provided in LSA-R.S. 32:414(A) for first offender DWI convictions. When the statute applies, the suspension is required. The words `shall suspend' in LSA-R.S. 32:667 are mandatory, not permissive. LSA-R.S. 1:3."
We believe this conclusion is sound. The trial court did not err in refusing to hear testimony relating to appellant's hardship.
For the reasons assigned, the judgment appealed from is affirmed, appellant to pay all costs.
Affirmed.