BOUTALL, Judge.
Melvin H. Dennis sought judicial review pursuant to Louisiana Revised Statute 32:668 from an administrative determination suspending his driver’s license for six months for failure to submit to the sobriety test as provided in LRS 32:667. The district court upheld the six month suspension, but amended the order permitting Dennis to operate his motor vehicle solely for the purpose of earning a livelihood for his family. The Department of Public Safety has appealed.
The trial court found the following facts:
“Relator was arrested for various traffic violations. While in the custody of the Jefferson Parish Sheriff’s Department he was requested to take a sobriety test. According to the evidence at the hearing a full disclosure of his rights was read to him and he was permitted to call his attorney and explain his predicament. His attorney advised him to refuse to take the test. The Court therefore concludes that Relator had full knowledge of the consequences of his actions and cannot complain that any action has been taken without preservation of his rights.
“The suspension of driving privileges for six months would seriously impair the ability of Relator to support his family. In view of the fact that all charges have been dismissed against him and considering the necessity for him to drive in his employment, the Court will modify the order of suspension to relate only to pleasure or non-occupational driving.”
The record amply supports the trial judge’s finding of fact, and the only issue before us is his conclusion that he has authority to modify the suspension solely for the purpose of permitting Dennis to drive for occupational purposes. It is contended that such authority exists inasmuch as LRS 32:668, subd. B states that the holder of a driving permit shall have a right of review of the Department’s order in the same manner and under the same conditions as is provided in RS 32:414 in the cases of suspension, revocation and cancellation of licenses. Section 414 provides for such relief in cases of suspension for the first offense of driving while intoxicated.
Since the rendition of the judgment of the trial court, the intermediate appellate courts have rendered several decisions holding that the hardship provisions in RS 32:414 do not apply to suspensions under RS 32:667 and 668. Vicknair v. State, Department of Public Safety, 303 So.2d 226 (La.App. 4th Cir. 1974); Hendryx v. State, Department of Public Safety, 311 So.2d 547 (La.App. 3rd Cir. 1975); Spencer v. State, Department of Public Safety, 315 So.2d 912 (La.App. 4th Cir. 1975.) We find these latter'two cases decisive of the issue posed in this case, and hold that the district court is afforded no discretion *654 in relieving the mandatory suspension of the driver’s license for reasons of hardship.
Accordingly, it is ordered that the judgment appealed from is amended to annul and delete that portion thereof permitting Melvin H. Dennis to operate a motor vehicle “during the hours of 7:00 o’clock A.M. to 6:00 o’clock P.M. and solely for the purposes of earning a livelihood for his family, the Department’s order of May 31, 1974 suspending all of the driving privileges of Melvin H. Dennis for a period of six months is reinstated; and as thus amended, the judgment appealed from is affirmed. Appellee shall pay all costs of these proceedings.”

Amended and affirmed.