JONES, Judge.
The Department of Public Safety appeals a district court judgment which orders the Department to rescind the revocation of the driver’s license of Mrs. Frances Sneed. We reverse.
Mrs. Sneed plead guilty of Driving While Intoxicated in violation of LSA-R.S. 14:98, on December 13,1974. This was her second D.W.I. conviction. Although the court did not retain her driver’s license and forward it to the Department upon this conviction, as provided by LSA-R.S. 32:393(B)(2), the Department did receive an abstract of the court records containing this conviction on January 7, 1975. The Department, acting under the mandate of LSA-R.S. 32:414(B) (2), then sent Mrs. Sneed a notice of suspension[1] of her license on September 17, 1975. The notice stated the one year suspension would begin upon surrender of Mrs. Sneed’s license to the Department.
Mrs. Sneed obtained counsel and requested an administrative hearing in a letter dated September 23. The hearing was held on November 17, and the decision was adverse to her. On December 29, 1975 she petitioned the district court to reverse the decision of the administrative hearing officer. The district court rendered judgment in her favor on September 7, 1976, and *338 ordered the Department to rescind its revocation of her driver’s license. The trial court based its decision on two grounds: (1) the Department waived its right to revoke Mrs. Sneed’s license by waiting too long, and (2) Mrs. Sneed had not received effective notification of the suspension of her license, and she was entitled to notice of suspension as of a certain date.
LSA-R.S. 32:414 provides in part:
“§ 414. Suspension, revocation and cancellation of licenses; judicial review
* * :{: * 4s Hs
“B. The department shall forthwith revoke the license of any person, for a period of twelve months, upon receiving satisfactory evidence of the conviction or of the entry of a plea of guilty and sentence thereupon or of the forfeiture of bail of any such person charged with any of the following crimes:
* * * * * *
“(2) Conviction or the entry of a plea of guilty and sentence thereupon, or of the forfeiture of bail of any such person on the second or subsequent offense for operating or being in actual physical control of a motor vehicle while under the influence of intoxicating beverages, of central nervous system stimulants or depressants, or of narcotic drugs or any other drug or substance to a degree which renders him incapable of safely operating a motor vehicle, where any or all of the offenses were the result of violations of a state law, a municipal ordinance, a federal law or any combination of them; . . .
Mrs. Sneed states that “forthwith” means “immediately; without delay; at once. . . . ”, and urges because of the eight month delay the Department is now estopped from suspending her license. Mrs. Sneed does not deny or contest the validity of the DWI convictions. She does not show this eight month delay resulted in any prejudice to her in any manner.
This argument was previously considered and rejected in State v. Cornelison, 304 So.2d 758 (La.App., 4th Cir.1974), which stated:
“The ‘forthwith’ mandate of the statute is directed to the Department for the purpose of protecting the public at large from the habitually intoxicated motorist and not to create by implication a prescriptive period to relieve the convicted driver from the penalties of his own misconduct. . . .” Id. page 759
The delay in Cornelison was fourteen months.
The Department has waived no rights and is not estopped to act under LSA-R.S. 32:414 because of delay in notification, under the facts of this case.
The trial court also found Mrs. Sneed did not receive effective notification of her suspension, or of the time the suspension began. This finding is not supported by the evidence. Mrs. Sneed does not deny receipt of the form letter notifying her of the suspension. The letter contains the following language, “Your license has been suspended”, and “Date license surrendered begins period of suspension.” We conclude this letter gave Mrs. Sneed effective notification of both the pending suspension and the time it began to run.
Mrs. Sneed alternatively argues the time of suspension has already run. She states the sending of the notice commences the running of the suspension, citing Smiley v. Waguespack, 314 So.2d 492 (La.App., 1st Cir.1975) (writ denied). The Department urges the applicable rule is that the suspension begins when the license is surrendered, relying on Vicknair v. State, Department of Public Safety, 303 So.2d 226 (La.App., 4th Cir.1974).
Under our facts we feel the correct statement is enunciated in Vicknair. The court there stated in the situation where the license holder has employed administrative or judicial action to contest the suspension or revocation, the time of suspension was from the surrender of the license. Wagues-pack is distinguishable on its facts since there the delay of the licensee in surrender *339 ing his license was due to his failure to receive notice of suspension, rather than his seeking administrative and judicial review of the order. However, to the extent Wag-uespack differs from our holding here, we decline to follow it.
Accordingly, the judgment of the trial court is reversed and the finding of the administrative hearing officer is reinstated, suspending the driver’s license of Frances B. Sneed for a period of twelve months, commencing upon surrender of her driver’s license to the Department of Public Safety.
Reversed and rendered.

. Although LSA-R.S. 32:414(B)(2) states the Department of Public Safety shall revoke a driver’s license upon . (certain conditions) . . ., the Department here is only attempting to suspend Mrs. Sneed’s license. Since neither party urges this as error, we shall consider this alternative is within the reasonable administrative powers of the Department.