MARCUS, Justice.*
*772 Eric E. Triche was charged by affidavit with operating a vehicle while his license was suspended in violation of La.R.S. 32:415. After a bench trial, defendant was found guilty as charged and sentenced to pay a fine of one hundred dollars plus court costs or “30 days jail suspended on payment of fine.” Upon defendant’s application, we granted certiorari under our supervisory jurisdiction to review the correctness of his conviction and sentence.[1] Defendant asserts eight assignments of error. Finding merit in Assignment of Error No. 3, we need not consider the others.
ASSIGNMENT OF ERROR NO. 3
Defendant contends the trial judge erred in finding his license was suspended on the date of the alleged offense. He argues it did not become suspended until its later receipt by the Department of Public Safety.
Prior to 1976, there was confusion as to whether suspension and revocation are effective upon sending of notice of the action taken, Smiley v. Waguespack, 314 So.2d 492 (La.App. 1st Cir.), writ denied, 318 So.2d 58 (La.1975), or upon surrender of license after a revocation hearing, Vieknair v. State, Department of Public Safety, 303 So.2d 226 (La.App. 4th Cir. 1974). See also Sneed v. Department of Public Safety, 343 So.2d 336 (La.App. 2d Cir.), writ denied, 345 So.2d 900 (La.1977). In 1976, the legislature enacted La.R.S. 32:414(F),[2] which provides:
Any period of suspension or revocation under this Chapter shall begin upon receipt by the [Department of Public Safety] of the operator’s license of the person affected or proof of its loss.
Now it is clear that any period of suspension or revocation under title 32, chapter 2 begins upon receipt by the Department of Public Safety of the operator’s license of the person affected or proof of its loss.
In the instant case, the alleged offense occurred on July 27, 1979. However, testimony at the trial indicated defendant was in possession of his operator’s license when he was arrested on that date. Moreover, exhibit S — 1, introduced by the state, reveals defendant’s license was not surrendered until August 8, 1979, after the alleged offense.[3] Therefore, the period of suspension had not begun as of the date of the alleged offense. Accordingly, the trial judge erred in finding defendant’s license was suspended on the date of the alleged offense. Assignment of Error No. 3 has merit. We must reverse.
DECREE
For the reasons assigned, defendant’s conviction and sentence are reversed and the affidavit is dismissed.
LEMMON, Justice, concurring in the Denial of Application for Rehearing.
On original hearing the court held that defendant was not guilty of the charge of operating a motor vehicle during the period of suspension of his license, because the offense occurred in July, 1979 and defendant did not surrender his license until August 8, 1979. The basis of the decision was R.S. 32:414 F, quoted in the opinion.
The purpose of the provision that the period of suspension begins upon the department’s receipt of the license is to prevent a licensee from keeping his license after suspension is ordered and having the period of suspension run while the license is still in his possession. The statute thus encourages immediate surrender.
However, as soon as the license is suspended, a licensee frustrates the statutory scheme.by failing to surrender the license and continuing to drive. In my view the period of suspension, for purposes of determining violations of R.S. 32:415, is from the date of imposition of the suspension until the date of termination of the suspension. R.S. 32:414 F is pertinent only as a reference point to determine the latter date.
*773 In the present case defendant’s license was suspended forthwith after his second conviction of driving while intoxicated, and no hearing was required. Therefore, as soon as he received notice of the suspension, he could not thereafter operate a motor vehicle, under penalty of being charged with violation of R.S. 32:415. The record reflects, however, that the notice of defendant’s suspension was sent to him by registered mail and that the notice was returned undelivered.[1] Defendant thus had not received notice of his suspension at the time of the offense charged, and he should therefore be found not guilty of violating R.S. 32:415. I therefore concur in the result reached on original hearing, although for different reasons, and I vote to deny the application for a rehearing.

The Honorable Richard H. Gauthier participated in this decision as an Associate Justice Ad Hoc.

. 379 So.2d 14 (La. 1980).

. 1976 La.Acts, No. 194, § 1.

.Moreover, we note exhibit S-l also indicates the suspension was for one year terminating on August 8, 1980. Thus, the suspension must have begun on August 8, 1979, twelve days after the alleged offense.

. The record also contains a confusing letter addressed to defendant by the department, stating that his license had been suspended in error and that his driving record was now clear. Because of this confusing letter dated at the approximate time of the suspension here in question, the necessity of notice is even more critical.