GRISBAUM, Judge.
The State of Louisiana, Department of Public Safety (hereinafter referred to as *1319 “Department of Public Safety”), appeals a judgment of the district court which grants a restricted driver’s license under La.R.S. 32:415.1. We set aside the judgment of the trial court.
The sole issue is whether the trial court erred as a matter of law in ordering the Department of Public Safety to issue plaintiff a restricted driver’s license under La.R. S. 32:415.1 when the plaintiffs license was suspended pursuant to La.R.S. 32:872(B).
The basic record facts reflect that the uninsured vehicle in question was registered in the plaintiffs name. He testified at the hearing that he had instructed his wife not to drive the car until it was insured, that she drove without his permission, and that she was involved in an accident, which apparently gave rise to the State’s suspension of his driver’s license.
The trial court’s judgment, in part, states
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the driver’s license issued to Berhane Tewelde Ghirmu will be affected as set out in R.S. 32:415.1(C) if he is convicted of a any [sic] moving violation while his license is restricted, and he must comply with all the requirements of R.S. 32:415.1 and the Safety Responsibility Law. During the period of effectiveness of the restricted license, Berhane Tewelde Ghirmu shall be responsible for applying to the court in the event that earning his livelihood necessitates a change in the original restrictions imposed by the Court.
ANALYSIS
The plaintiff sought relief under the provisions of La.R.S. 32:1477(B)(l)(2)(3),[1] and relief was granted by the trial court under La.R.S. 32:415.1. However, the relief available under La.R.S. 32:415.1 is not applicable to suspensions under La.R.S. 32:851, et seq. (the financial responsibility law). La. R.S. 32:415.1, in part, provides:
A. (1) Upon suspension, revocation, or cancellation of a person’s drivers license for the first time only as provided for under R.S. 32:414 and R.S. 32:415 said person, after initial notice from the department, shall have the right to file a petition in the district court of the parish in which the applicant is domiciled alleging that revocation of his driving privileges will deprive him or his family of the necessities of life or will prevent him from earning a livelihood. The district court is vested with jurisdiction to set the matter for contradictory hearing in open court upon ten days written notice to the department, and thereupon to determine whether the allegations of hardship have merit. Upon determination by the court that the lack of a license would deprive the person or his family of the necessities of life, the court may order that the person be granted, by the department, a restricted license to enable the person to continue to support his family. The restrictions of said license shall be determined by the court....
Dauzat v. La. Dep’t of Public Safety, 386 So.2d 957, 959 (La.App. 3d Cir.1980) interpreted this statute as follows:
By its express provisions, R.S. 32:415.1 A(l) limits its application to certain listed types of suspensions. Suspensions under R.S. 32:851, et seq. are not listed. See also, Hendryx v. Department of Public Safety, 311 So.2d 547 (3rd Cir.1975) and Spencer v. State of Louisiana, *1320 Department of Public Safety, 315 So.2d 912 (4th Cir.1975).
Various means of relief from a suspension imposed for violation of the Safety Responsibility Law are provided in R.S. 32:892-899. Immediate compliance with any of the alternatives listed will afford plaintiff an adequate remedy without judicial interference.
For the reasons assigned, the judgment of the trial court is set aside. All costs of this appeal are to be assessed against the appellee.
SET ASIDE.

. La.R.S. 32:1477(B)(1)(2)(3) states
Upon revocation of a driver’s license for the first time as provided for under R.S. 32:1472(A)(2), the person whose license has been revoked, upon administrative determination that he is a habitual offender, shall have the right to file a petition in the district court of the parish in which the applicant is domiciled alleging that revocation of his driving privileges will deprive him or his family of the necessities of life or will prevent him from earning a livelihood.
The district court is vested with jurisdiction to set the matter for contradictory hearing in open court upon ten days written notice to the department, and thereupon to determine whether the allegations of hardship have merit.
Upon determination by the court that the lack of a license would deprive the person or his family of the necessities of life, the court may order that the person be granted a restricted license to enable the person to continue to support his family. The restrictions on the license shall be determined by the court and shall include the following: ... ⅜