311 So.2d 20 (1975)
STATE of Louisiana, DEPARTMENT OF PUBLIC SAFETY, DRIVERS' LICENSE DIVISION, Defendant-Appellant,
v.
James Gary MOORE, Plaintiff-Appellee.
No. 12573.
Court of Appeal of Louisiana, Second Circuit.
April 1, 1975.
*21 Foye L. Lowe, Jr., Associate Gen. Counsel, Dept. of Public Safety, Baton Rouge, for defendant-appellant.
Johnston, Thornton, Pringle & Greer by James J. Thornton, Jr., Shreveport, for plaintiff-appellee.
Before BOLIN, PRICE and DENNIS, JJ.
BOLIN, Judge.
The Department of Public Safety, Drivers' License Division, State of Louisiana, has appealed from a lower court judgment in favor of plaintiff, James Gary Moore, which judgment annulled and vacated an order of that department revoking Moore's driver's license. We affirm the judgment.
Initially, we observed the petition is erroneously designated as a petition for appeal under Louisiana Revised Statutes 32:852, subd. B; further, it is erroneously styled, as reflected by the caption hereof, since the suit originated in a petition filed by James Gary Moore against the State of Louisiana, Department of Public Safety, Drivers' License Division.
The sequence of events which precipitated the revocation are detailed in the allegations of plaintiff Moore's petition, filed October 21, 1971. Approximately eight months prior to the filing of the petition Moore was arrested in Texarkana, Arkansas, by a city police officer under a complaint that he was driving an automobile while under the influence of intoxicating *22 liquor and was taken to the city jail where the desk sergeant informed him he would be released upon payment of $115 cash, which he paid and was accordingly released. Since that time petitioner has learned that the $115 cash he paid was taken as a cash bond and in due course his bond was forfeited on a charge of driving a motor vehicle while intoxicated.
On September 23, 1971, Moore entered a plea of guilty in city court, City of Shreveport, Louisiana, to the offense of driving while intoxicated and was sentenced to pay a fine of $305 plus costs, which was paid, and petitioner was discharged but permitted to retain his driver's license.
On October 15, 1971, petitioner received from the Department of Public Safety, Drivers' License Division, State of Louisiana, a letter addressed to him advising him of the fact that his driver's license had been suspended for one year, and he was instructed to return same, together with registration plates and registration certificates of his automobile during said period of suspension. This notice showed the revocation was based upon the second offense of driving while intoxicated.
During the trial in the district court the department sought to introduce into evidence the purported bond forfeiture of James Gary Moore for driving while intoxicated in the State of Arkansas. This evidence consisted of a ticket, similar to the kind of driving citations in Louisiana, with the disposition of the charge written on the ticket itself. Plaintiff objected to introduction of this ticket and the trial judge ruled this evidence inadmissible but permitted it to be placed in the record under an offer of proof. Introduction of evidence of the Louisiana conviction was unnecessary since plaintiff admitted in his petition he had entered a plea of guilty in the City Court of Shreveport to the offense of driving while intoxicated.
The statute in effect at the time of the offense and under which the department acted in revoking plaintiff's license is Louisiana Revised Statutes 32:414, subsection B(2) providing:
"B. The department shall forthwith revoke the license of any person for a period of twelve months, upon receiving statisfactory evidence of the conviction or of the entry of a plea of guilty and sentence thereupon or of the forfeiture of bail of any such person charged with any of the following crimes:
* * * * * *
"(2) Conviction or the entry of a plea of guilty and sentence thereupon, or of the forfeiture of bail of any such person on the second subsequent offense for operating or being in actual physical control of a motor vehicle while under the influence of intoxicating beverages, of central nervous system stimulants or depressants, or of narcotic drugs or any other drug or substance to a degree which renders him incapable of safely operating a motor vehicle, where any or all of the offenses were the result of violations of a state law, a municipal ordinance or a federal law or any combination of them;"
The same act provides, in subsection E, for a judicial hearing in open court:
"... Any person whose license has been suspended, cancelled or revoked by the department shall be notified of such suspension, cancellation or revocation in writing by the department, which notice shall be sent by certified mail to the last address furnished by such person; whereupon the said person shall within five days return his or her license to the department. The failure on the part of any person to comply with this provision shall be punishable as herein provided. Any person denied license or whose license has been suspended, cancelled or revoked shall have the right to file an application within thirty days thereafter for a hearing before the district court of the parish in which the applicant resides, and such court is vested with jurisdiction to set the matter for hearing in open *23 court upon ten days written notice to the department, and thereupon to determine whether the person is entitled to a license or is subject to suspension, cancellation or revocation of license under the provisions of this Chapter, and appeal from the district court may be taken to any court of competent appellate jurisdiction."
At issue here is whether the "ticket" and the written disposition on it was a valid record from the State of Arkansas and admissible under the provisions of Louisiana Code of Civil Procedure Article 1395, which provides:
"An official record, or an entry therein, of the United States, of any state other than Louisiana, of any territory of the United States, of any foreign country, or of any political subdivision, corporation or agency of any of the above, when admissible for any purpose, may be evidenced by a copy attested by the officer having legal custody of the record, or by his deputy, and accompanied with a certificate that such officer has the custody. If the office in which the record is kept is within the United States or within a territory or insular possession subject to the dominion of the United States, the certificate may be made by a judge of a court of record of the district or political subdivision in which the record is kept, authenticated by the seal of the court, or may be made by any public officer having a seal of office and having official duties in the district or political subdivision in which the record is kept, authenticated by the seal of his office. If the office in which the record is kept is in a foreign state or country, the certificate may be made by a secretary of embassy or legation, consul general, consul, vice consul, or consular agent or by any officer in the foreign service of the United States stationed in the foreign state or country in which the record is kept, and authenticated by the seal of his office."
Counsel for the Department of Public Safety insist that all that is required of it is "satisfactory evidence" of a prior conviction in order to revoke a driver's license and that the same "satisfactory" evidence should be admissible in court as proof of the correctness of its action.
We have examined the many cases in the annotations under Louisiana Revised Statutes 32:414, but conclude none is dispositive of the issue before us. However, this examination convinces us, since La.R. S. 32:414, subd. B, makes no provision for any type of hearing before the agency prior to notice of revocation, that "the hearing before the district court" [Sec. E] affords plaintiff his first opportunity for a hearing. This type of procedure has been held constitutional as affording the offender due process. Smith v. Department of Public Safety, 254 So.2d 515 (La.App. 4th Cir. 1971).
While we do not question the right of the department to act upon such evidence as it had before it in the instant case, nevertheless we find that when a hearing in court is held the department must prove by competent evidence the facts on which the revocation is based. The hearing in the district court is not a review of the findings of an administrative agency. It is a hearing to determine if, in fact, plaintiff has been twice convicted of the offense of driving while intoxicated, plead guilty or forfeited bail under a charge of driving while intoxicated. This fact must be proved by legal, admissible evidence. We find the evidence tendered of the Arkansas bond forfeiture was not admissible since it failed to conform to the requirements of Louisiana Code of Civil Procedure Article 1395.
While we are aware of the pronouncements in Young v. State of Louisiana, Department of Public Safety, 298 So.2d 298 (La.App. 1st Cir. 1974), the case is not controlling for a number of reasons, primarily because it is factually different. *24 There the plaintiff applied for and was granted a hearing by the Department of Public Safety after receiving notice of revocation of his license. The court in effect held that after the department held a hearing it subjected itself to the Louisiana Administrative Procedure Act, Louisiana Revised Statutes 49:951 et seq. However, in the instant case plaintiff has neither asked for nor was he granted a hearing by the department. In fact, we are convinced the Administrative Procedure Act is inapplicable to cases falling within the purview of La.R.S. 32:414, subd. B.
For the reasons assigned the judgment is affirmed, and the State of Louisiana, Department of Public Safety, is assessed with whatever costs it is legally liable to pay.