GLADNEY, Judge.
State of Louisiana, Department of Public Safety, License Control and Driver Improvement Division (Department), appeals from a judgment of the district court annulling an order issued by the agency suspending the driver’s license of William W. Watson and enjoining the enforcement of that order. We affirm.
On February 27, 1974, Watson was interviewed by a driver improvement officer of the department. The interviewer noted that Watson had no accidents on his traffic record but had four violations. The nature of the violations was not noted. Watson was classified cooperative; his traffic record and attitude were considered good. He was placed on six months probation beginning that date.
On December 5, 1974, Watson received notice that his license was being suspended for 60 days for “frequent violations” unless he requested an administrative hearing within 30 days of the notice. He requested such a hearing by letter December 16, 1974. He was notified by the department by letter on March 5, 1975 that the hearing had been scheduled for March 26, 1975.
The officer conducting that hearing found that Watson had received six months probation to end August 27, 1974. He found that on April 30, 1974, Watson had received a ticket charging him with speeding 70 miles per hour in a 55 mile per hour zone. The License Control officer affirmed the suspension, stating:
“Plaintiff offered very little testimony that would justify this violation of probation. He attributes this violation and others to being in too much hurry and having too many things on his mind. It was also noted on his record that he has also received two additional tickets and subsequent fines for traffic violations since the violation of probation. Mr. Watson admits to still another violation that has not reached Hdqs yet to be entered on his record. This makes a total of six convictions of traffic laws on Mr. Watson’s record with one pending.”
*549 The decision was mailed to Watson on April 17, 1975. On April 25, 1975, Watson provoked a rule in the district court ordering the department to show cause why the action of the department should not be annulled and set aside and why the department should not be enjoined from suspending the license. A hearing was had in open court. The district court rendered judgment in favor of Watson and against the department. The department perfected a devolutive appeal.
The department relies upon LSA-R.S. 32 ¡414(D)(3) as the basis for this suspension. It provides:
"D. The department may conduct an investigation to determine whether the license shall be suspended, cancelled or revoked upon a showing by its records or other sufficient evidence that the licensee :
* * * * * *
“(3) Has been convicted of such frequency of serious offenses against traffic regulations governing the movement of vehicles as to indicate a disrespect for traffic laws and a disregard for the safety of others.”
Subdivision E of that same article provides for judicial review of the administrative determination by the department. The relevant portion of that subdivision provides :
“ * * * Any person denied license or whos.e license has been suspended, can-celled, or revoked shall have the right to file an application within thirty days thereafter for a hearing before the district court of the parish in which the applicant resides, and such court is vested with jurisdiction to set the matter for hearing in open court upon ten days written notice to the department, and thereupon to determine whether the person is entitled to a license or is subject to suspension, cancellation or revocation of license under the provisions of this Chapter, and appeal from the district court may be taken to any court of competent appellate jurisdiction.”
The district court is vested by this statute with jurisdiction to determine independently the status of the plaintiff’s license without regard to the decision of the Department; thus, the language “ * * * such court is vested with jurisdiction . to determine whether the person is entitled to a license or is subject to suspension, cancellation, or revocation of license under the provisions of this Chapter.” In discussing this problem in relation to a mandatory revocation under LSA-R.S. 32:414(B), but reviewable under the same procedure as is applicable in the instant case, this court in State, Department of Public Safety v. Moore, 311 So.2d 20 (La.App., 2d Cir. 1975) stated:
“While we do not question the right of the department to act upon such evidence as it had before it in the instant case, nevertheless we find that when a hearing in court is held the department must prove by competent evidence the facts on which the revocation is based. The hearing in the district court is not a review of the findings of an administrative agency. It is a hearing to determine if, in fact, plaintiff has been twice convicted of the offense of driving while intoxicated, plead guilty or forfeited bail under a charge of driving while intoxicated. This fact must be proved by legal, admissible evidence. . . .” Id. p. 23
We believe that an analogous task was presented to the district court in the instant case. Applied to the facts of Watson’s case, the department had to prove that Watson had been convicted of such frequency of serious offenses against traffic regulations governing the movement of vehicles as to indicate a disrespect for traffic laws and a disregard for the safety of others. The court concluded upon the evidence presented that the department had failed in its burden of proof. We cannot say that the lower court erred.
To properly evaluate Watson’s license status it was necessary for the district court to examine the nature of the offenses committed by the licensee in light of the *550 circumstances surrounding each violation. The trial court found that Watson had been convicted of speeding in seven separate incidents over a period of a little more than three years. All of the violations except one were on the interstate highway system. All were for speeds around 70 miles per hour. All were in the daytime and in clear weather, with no accidents involved. The court also noted that the fines could be paid without a court appearance and, in this case, often were. The trial court concluded that Watson’s violations, considering the circumstances, did not indicate the requisite disrespect for traffic laws and disregard for the safety of others. The legislature in LSA-R.S. 32:414(E) has exclusively authorized the trial court to make such an evaluation when an application for hearing is filed by the licensee. Unlike the district court’s relationship to the Department of Public Safety in such matters, this court’s scope of appellate review is limited. We cannot say that the district court committed manifest error.
For the reasons assigned the judgment is affirmed, and the State of Louisiana, Department of Public Safety, is assessed with whatever costs it is legally liable to pay.