341 So.2d 80 (1976)
Loney P. FONTENOT, Plaintiff-Appellant,
v.
STATE of Louisiana, DEPARTMENT OF PUBLIC SAFETY, LICENSE CONTROL DIVISION, Defendant-Appellee.
No. 5712.
Court of Appeal of Louisiana, Third Circuit.
December 21, 1976.
Rehearing Denied January 26, 1977.
*81 Logan & DeLaunay by Gerald C. DeLaunay, Lafayette, for plaintiff-appellant.
Foye L. Lowe, Jr., Assoc. Gen. Counsel, Baton Route, for defendant-appellee.
Before HOOD, DOMENGEAUX and HUMPHRIES, JJ.
DOMENGEAUX, Judge.
Plaintiff-appellant, Loney P. Fontenot, brought this action to enjoin the defendant-appellee, State of Louisiana, Department of Public Safety, License Control Division, from suspending his driving privileges pursuant to LSA-R.S. 32:414. Plaintiff also plead prescription and laches. From a judgment dissolving a temporary restraining order and denying preliminary and permanent injunctions plaintiff has appealed. We affirm.
By virtue of LSA-R.S. 32:414 the Louisiana Department of Public safety is authorized and directed to:
". . . revoke the license of any person, for a period of twelve months, upon receiving satisfactory evidence of the conviction or of the entry of a plea of guilty and sentence thereupon or of the forfeiture of bail of any such person charged with any of the following crimes:
. . . . . .
(2) Conviction or the entry of a plea of guilty and sentence thereupon, or of the forfeiture of bail of any such person on the second subsequent offense for operating or being in actual physical control of a motor vehicle while under the influence of intoxicating beverages, . . . where any or all of the offenses were the result of violations of a state law, a municipal ordinance or a federal law or any combination of them;"
LSA-R.S. 32:414(E) provides for a judicial review of the Department's actions within thirty days thereof, in the judicial district of the licensed driver. Although the licensee must institute the judicial proceedings and technically assumes the position of plaintiff therein, the Department is confronted with the burden of proving, by legal, admissible evidence, that the plaintiff has been twice convicted or plead guilty to the offense of driving while intoxicated. See Watson v. State, Department of Public *82 Safety, License Control and Driver Improvement Division, 324 So.2d 547 (La.App.2nd Cir. 1975); State, Department of Public Safety, Drivers' License Division v. Moore, 311 So.2d 20 (La.App.2nd Cir. 1975); and Smith v. Department of Public Safety, 254 So.2d 515 (La.App.4th Cir. 1971).
In the instant case the Department alleged that plaintiff had plead guilty to the offense of driving while intoxicated on two separate occasions and in two different states, to-wit: Municipal Court, Camden, Arkansas, on September 21, 1973; and City Court, Lafayette, Louisiana, on July 22, 1974. According to plaintiff's petition, he was not ordered to surrender his driver's license until November 14, 1975. This action was instituted on December 4, 1975.
Plaintiff contends that the copy of the record of the proceedings of the Municipal Court of Camden, Arkansas, failed to comply with the provisions of LSA-C.C.P. Article 1395 and was thus inadmissible at trial in the instant case. He concedes the admissibility of the records of the City Court of Lafayette, Louisiana. Plaintiff further argues that at the trial on the former charge he plead guilty without the assistance of counsel and for that further reason maintains that said guilty plea is not valid in this proceeding. Finally, plaintiff contends that since an excess of one year has elapsed since the date of the second guilty plea (July 22, 1974) and the revocation action by the Department (November 14, 1975), the latter's action should be barred by prescription or laches.

THE ARKANSAS GUILTY PLEA
Our Courts have held that driver's license revocation proceedings pursuant to the statute at issue are civil matters and that uncounseled guilty pleas for prior driving violations are admissible and relevant. See Berger v. Department of Public Safety, 327 So.2d 705 (La.App.1st Cir. 1976), writ refused La., 330 So.2d 310. See also State v. Page, 332 So.2d 427 (La.1976).
Concerning the record of the proceeding in the Municipal Court of the city of Camden, Arkansas, the authenticity and admissibility thereof is governed by the provisions of LSA-C.C.P. Article 1395, which provides as follows:
"Art. 1395. Same; out of state records
An official record, or an entry therein, of the United States, of any state other than Louisiana, of any territory of the United States, of any foreign country, or of any political subdivision, corporation or agency of any of the above, when admissible for any purpose, may be evidenced by a copy attested by the officer having legal custody of the record, or by his deputy, and accompanied with a certificate that such officer has the custody. If the office in which the record is kept is within the United States or within a territory or insular possession subject to the dominion of the United States, the certificate may be made by a judge of a court of record of the district or political subdivision in which the record is kept, authenticated by the seal of the court, or may be made by any public officer having a seal of office and having official duties in the district or political subdivision in which the record is kept, authenticated by the seal of his office. If the office in which the record is kept is in a foreign state or country, the certificate may be made by a secretary of embassy or legation, consul general, consul, vice consul, or consular agent or by any officer in the foreign service of the United States stationed in the foreign state or country in which the record is kept, and authenticated by the seal of his office."
The document in question is a copy of the proceedings in the abovementioned court on September 21, 1973, indicating that plaintiff herein was charged with the offense of "D.W.I." and that he plead guilty to same on that date. At the bottom of that document is the following certificate:
*83 
Without engaging in a detailed analysis thereof, we note that, on its face, the above described document complies with the requirements of LSA-C.C.P. Article 1395 and was clearly admissible at the trial on the merits in this matter.

PRESCRIPTION OR LACHES
Plaintiff argues that the State's action against him should be considered as either a criminal misdemeanor proceeding or a prosecution for an offense or quasi offense against the state, the applicable prescriptive periods thereto being six months and one year, respectively.
Concerning the prescription argument, our brothers of the Fourth Circuit have construed LSA-R.S. 32:414 in the case of State v. Cornelison, 304 So.2d 758 (La.App.4th Cir. 1974):
"The `forthwith' mandate of the statute is directed to the Department for the purpose of protecting the public at large from the habitually intoxicated motorist and not to create by implication a prescriptive period to relieve the convicted driver from the penalties of his own misconduct."
The defense of laches has no statutory basis but rather is an equitable doctrine. While no rigid rule exists concerning application of the doctrine we feel that the case of Molero v. Bass, 322 So.2d 452 (La.App.4th Cir. 1975), writ refused La., 325 So.2d 609, presents an adequate statement relative thereto:
"It is difficult to state the elements of laches or to state a `test' for the application of laches. In general, since the applicability of laches is within the discretion of the court, each case rests upon its own particular set of circumstances. It is possible to say that laches has no application where there has been no delay in asserting the right. However, delay of time alone will not suffice, there must be other circumstances. Prime among the other circumstances most often mentioned in the jurisprudence are a prejudicial change of conditions occurring during the delay and reliance by the defendant upon the inaction of the plaintiff. Munson v. Martin, 249 La. 925, 192 So.2d 126 (1966); Labarre v. Rateau, [210 La. 34, 26 So.2d 279], supra; Shirey v. Campbell, [La.App., 151 So.2d 557] supra; 30A C.J.S. Equity §§ 115-119."
Admittedly, there was a delay in the instant case of approximately one year from the date of plaintiff's second conviction to the time the department instituted proceedings against him. However, as the above quoted language indicates, a delay of time alone will not suffice to invoke the doctrine of laches. Plaintiff has failed to demonstrate any prejudicial change of condition during the delay or any reliance on his part *84 upon the state's inaction. For these reasons we find laches inapplicable to the situation presented herein and rule that the state's actions are not barred thereby.
For the above and foregoing reasons the judgment of the district court is affirmed. Costs of this appeal are assessed against the defendant-appellant.
AFFIRMED.