BOLIN, Judge.
Concluding that the State of Louisiana, Department of Public Safety, had unlawfully deprived plaintiff of his automobile driver’s license and license plate, the trial court ordered their immediate return. Defendant appeals and we affirm.
After his involvement in an automobile accident in 1974, plaintiff submitted to a medical examination which disclosed a history of grand mal epilepsy. Acting on this information, the Department of Public Safety advised plaintiff that his driver’s license was to be suspended pursuant to Louisiana Revised Statutes 32:424.[1]
Plaintiff requested an administrative hearing on the pending withdrawal of motor vehicle privileges; this hearing was scheduled and notice was given. Plaintiff then requested the removal of the hearing to a more convenient location; the record indicates no response to this latter request. However, the originally scheduled hearing was conducted in plaintiff’s absence.
Plaintiff later settled, to the Department’s satisfaction, the property damage claim resulting from his accident.
There is some evidence that the Department scheduled another hearing, the purpose of which remains unclear. One week prior to this hearing a state trooper visited plaintiff’s home and took plaintiff’s driver’s license and the license plate from his vehicle. Plaintiff sued the Department for damages and caused a rule to issue ordering the Department to show cause why his driving privileges should not be restored. After a hearing on this rule the trial court, finding that plaintiff had been deprived of due process because he was not afforded the opportunity to refute the epilepsy charges, ordered the return of his driver’s license and license plate. Since the Department appealed only from this order, the issue of damages is not before us.
We agree with the trial court, basing our decision on the Department’s failure to comply with the notice requirement of Louisiana Revised Statutes 32:414(E).[2]
The record indicates that plaintiff received no notice, written or otherwise, of the Department’s final decision to suspend his driving privileges. The statute directs that such notice shall be given by certified *994 mail. Only then will the 30-day period for requesting appropriate judicial review commence to run.[3] Since the Department did not comply with the clear statutory directive, the trial court was correct in ordering the return of plaintiff’s driver’s license and license plate.
We need not inquire into the adequacy of findings made by the Department concerning plaintiff’s lack of competency to drive, nor whether the Department carried its burden of proof at the hearing in the district court, as required by Watson v. State, Department of Public Safety, 324 So.2d 547 (La.App.2d Cir., 1975).
The judgment is affirmed and the State of Louisiana, Department of Public Safety, is assessed with whatever costs it is legally liable to pay.

. La.R.S. 32:424 provides:
The department, having good cause to believe that a licensed driver or chauffeur is incompetent or otherwise not qualified to be licensed, may upon written notice of at least ten days to the licensee require him to submit to an examination. Upon the conclusion of such examination the department shall take action as may be appropriate and may suspend or revoke the license of such person or permit him to retain such license, or may issue a license subject to restrictions as permitted under R.S. 32:423. Refusal or neglect of the licensee to submit to examination shall be ground for suspension or revocation of his license.

. La.R.S. 32:414(E):
Upon the conclusion of such investigation [referring to subsection D], the person holding such investigation shall prepare findings based upon the evidence received and considered. If the findings are to the effect that the person referred to herein is incompetent or is unfit to operate a motor vehicle upon any grounds upon which license may be refused, as stated in this Chapter, the department, upon a review of such findings, shall have authority to forthwith revoke the license of such person, or if the findings are to the effect that the person therein referred to has by reason of negligence or reckless driving endangered life, limb, or property or has thereby caused loss of life or injury to person or property, the department, upon a review of such findings, shall have power to suspend the license of such person for a period not to exceed six months, or may revoke such license, and in either event shall require that such license be surrendered to the department. For cause satisfactory to the department, it is hereby authorized to suspend, cancel, or revoke the license of any person for a period of not more than one year. Any person whose license has been suspended, cancelled or revoked by the department shall be notified of such suspension, cancellation or revocation in *994 writing by the department, which notice shall be sent by certified mail to the last address furnished by such person; whereupon the said person shall within five days return his or her license to the department. The failure on the part of any person to comply with this provision shall be punishable as herein provided. Any person denied license or whose license has been suspended, cancelled or revoked shall have the right to file an application within thirty days thereafter for a hearing before the district court of the parish in which the applicant resides, and such court is vested with jurisdiction to set the matter for hearing in open court upon ten days written notice to the department, and thereupon to determine whether the person is entitled to a license or is subject to suspension, cancellation or revocation of license under the provisions of this Chapter, and appeal from the district Qourt may be taken to any court of competent appellate jurisdiction. (Emphasis added)

. See Harrison v. State, Department of Public Safety, Drivers License Division, 298 So.2d 312 (La.App. 4th Cir., 1974), interpreting a parallel provision of the implied consent law, R.S. 32:668.