HALL, Judge.
On a previous appeal in this case this court affirmed a judgment of the district court ordering the defendant, Department of Public Safety, to return to plaintiff, To-lar, his driver’s license and license plate which were taken by the Department under a suspension order issued pursuant to LSA-R.S. 32:424 and 414(E).[1] The reason for our *934 decision was that the Department, after holding a hearing at plaintiff’s request, failed to give notice of the suspension by certified mail as required by Section 414(E). Tolar v. State Dept. of Public Safety, 349 So.2d 992 (La.App. 2d Cir. 1977).
Plaintiff had sued for the return of his licenses and for damages. After the previous appeal and upon trial of the damage issue, the district court awarded plaintiff damages of $2,000 for the “wrongful seizure” of his driver’s license and license plate. The defendant appealed. We reverse, holding there was no fault on the part of the Department.
The issue on this appeal is whether the State, acting through the Department of Public Safety, was at fault, rendering it responsible for plaintiff’s damages occasioned thereby under LSA-C.C. Art. 2315.
In December 1974 the truck plaintiff was driving struck a telephone pole. Investigation revealed he had no liability insurance so the Department started proceedings-under the financial responsibility law. The accident also prompted the Department to request plaintiff to submit to a medical examination which he did in January. The examination revealed a history of grand mal epilepsy and a recent seizure. In February the Department notified plaintiff by certified mail that his license was being suspended pursuant to LSA-R.S. 32:424 and. that plaintiff would be granted a hearing if one was requested. Plaintiff requested a hearing. He was notified that the hearing was set for April 29 in West Monroe and that his failure to appear at the hearing would result in the suspension of his license. Plaintiff requested a change in the place of the hearing to which no response was made. Plaintiff did not attend the hearing. It was held in spite of his absence and a decision to suspend his license was made. Other hearings were scheduled in July and in September involving the financial responsibility matter which plaintiff settled to the Department’s satisfaction. On September 2, without notice of the decision reached at the April 29 hearing, a state trooper went to plaintiff’s home and took his driver’s license and vehicle license plate. This suit was filed by plaintiff a few days later.
The Department’s actions, taken within the scope of its authority and pursuant to its duty to enforce the licensing laws, were reasonable. Reasonable efforts were made to afford plaintiff the procedural protection required by the statute, and more. Plaintiff was afforded an opportunity for a hearing which was not required by the statute. See Price v. State, Dept. of Pub. Saf., Lic. Con. & D.I., Div., 325 So.2d 759 (La.App. 1st Cir. 1976); Smith v. Department of Public Safety, 254 So.2d 515 (La.App. 4th Cir. 1971). The Department gave him two notices of the suspension prior to the hearing, which the Department deemed to comply with the statute. This was a reasonable interpretation of the notice provision of the statute which had not previously been clearly interpreted judicially. On the previous appeal this court adopted another reasonable interpretation of the statute — that notice must be given after the hearing — and ordered return of the license and license plate because such notice was not given. Although the Department did not comply with the notice provision as subsequently interpreted by this court its actions at the time they were taken were reasonable, were not substandard, and did not amount to actionable fault. There was no breach of duty owed to the plaintiff and he is not entitled to damages.
*935 For purposes of this decision, we have assumed most favorably to the plaintiff but without so holding, that special defenses of immunity or privilege are not available to the State in this case.
The judgment of the district court is reversed and set aside and there is judgment in favor of defendant and against plaintiff dismissing plaintiff’s suit at plaintiff’s costs.
Reversed and rendered.

. LSA-R.S. 32:424:
“The department, having good cause to believe that a licensed driver or chauffeur is incompetent or otherwise not qualified to be licensed, may upon written notice of at least ten days to the licensee require him to submit to an examination. Upon the conclusion of such examination the department shall take action as may be appropriate and may suspend or revoke the license of such person or permit him to *934 retain such license, or may issue a license subject to restrictions as permitted under R.S. 32:423. Refusal or neglect of the licensee to submit to examination shall be ground for suspension or revocation of his license.”
LSA-R.S. 32:414(E) reads in part:
“Any person whose license has been suspended, cancelled or revoked by the department shall be notified of such suspension, cancellation or revocation in writing by the department, which notice shall be sent by certified mail to the last address furnished by such person; whereupon the said person shall within five days return his or her license to the department. The failure on the part of any person to comply with this provision shall be punishable as herein provided. Any person denied license or whose license has been suspended, can-celled, or revoked shall have the right to file an application within thirty days thereafter for a hearing before the district court of the parish in which the applicant resides . . .