KNOLL, Judge.
The State of Louisiana, through the Department of Public Safety (hereafter Department), appeals a judgment ordering the Department to return Marvin D. Mur-phrey’s driver’s license. The issue is whether the trial judge committed an error of law in holding that the mandatory suspensions of one year each, imposed by the Department for the convictions of driving while intoxicated (second offense) and driving under suspension, were to be served concurrently rather than consecutively. Germane to this issue is whether the Department’s second suspension notice constituted an unreasonable delay. We reverse, finding that the Department can impose a consecutive suspension.
Murphrey filed a mandamus proceeding against the Department for the return of his driver’s license. The Department refused to give Murphrey his license because his second suspension period was still in effect. The following facts gave rise to this litigation.
On August 13, 1982, Murphrey received a ticket from the State Police in Winn Parish for DWI. He refused to take the test but forfeited his bond of $400. When the Department received notice of the bond forfeiture, it directed a notice of suspension letter to Murphrey, suspending his driver's license from November 20, 1982, through January 20, 1983, a period of 60 days. In LaSalle Parish on December 24, 1982, during the period of suspension, Murphrey received a DWI (second offense) ticket from the State Police and also a ticket for driving while under suspension. He pleaded guilty to both offenses. As a result of these convictions, the Department suspended Murphrey’s driver’s license on each conviction for one year by separate notices to him dated April 30, 1983, and January 16, 1984, which extended the suspension until January 20, 1985. Simply stated, the Department imposed a consecutive suspension period for a total of two years.
CONSECUTIVE SUSPENSIONS
Murphrey contends that he was eligible for reinstatement on January 20, 1984, since he received a letter from the Department advising him that his suspension period ended on that date. The Department contends that the DWI (second offense) suspension period expired January 20, 1984, but his driving privileges could not be restored because of an additional mandatory one year suspension resulting from his conviction of driving under suspension.
The issue as to whether the Department can impose concurrent or consecutive suspension periods is a case of first impression in Louisiana. In its oral reasons for judgment, the trial court stated:
“... it’s my view that the legislature has not indicated whether the twelve months suspension provisions that they’ve included in the law relative to Driving While Intoxicated and Driving Under Revocation should be concurrent or consective [sic]. It’s my view that where the misconduct involved relates to one particular incident that one twelve month suspension should be *1155 imposed, or that the two periods of suspension should run concurrent_”
LSA-R.S. 32:414 and LSA-R.S. 32:415 require a mandatory suspension of one year for each conviction. In pertinent part R.S. 32:414 provides:

“B. The department shall forthwith revoke the license of any person, for a period of twelve months, upon receiving satisfactory evidence of the conviction or of the entry of a plea of guilty and sentence thereupon or of the forfeiture of bail of any such person charged with any of the following crimes:

5⅜ ⅝ ⅝ ⅜£ ⅝ ⅝

(2) Conviction or the entry of a plea of guilty and sentence thereupon, or of the forfeiture of bail of any such person on the second or subsequent offense for operating or being in actual physical control of a motor vehicle while under the influence of intoxicating beverages, ...”

In pertinent part R.S. 32:415 provides:

"A. It shall be unlawful for any person to operate a motor vehicle upon any public highway of this state during the period of suspension, revocation or cancellation of any license which may have been issued to him by this state or by any other state.

B. Any period of suspension or revocation shall automatically be extended for a period of one year from the date the licensee would otherwise have been entitled to apply for a new license upon his conviction for any offense involving the operation of a motor vehicle committed during such period. No driver shall use a license issued to him in another state for the purpose of operating a vehicle in this state while his license from this state is under suspension ....”

The record shows that Murphrey telephoned the Department on August 5, 1983, inquiring about the expiration of his suspension period. The Department’s reply letter to Murphrey dated August 9, 1983, clearly reflects that Murphrey was referring to the suspension for his DWI (second offense) conviction only. In pertinent part, the letter stated:

"RE: LIC. #3381387

DWI FIRST
DWI SECOND

Dear Mr. Murphrey:

This reply is in response to the telephone inquiry of 08/05/83.

Your mandatory suspension period will expire on 01/20/84. ”
The record shows that it was not until December 30, 1983, that Murphrey contacted the Department inquiring about his suspension resulting from his conviction for driving while under suspension. By letter dated January 13, 1984, from the Department to Murphrey, the Department advised him, in pertinent part, as follows:

"RE: D/L# 338-13-87

REV. VIOL.

Dear Mr. Murphrey:

This will acknowledge receipt of correspondence dated December 30, 1983 relative to the above captioned.

You have been placed in compliance for Dwi 2nd as the suspension period has terminated.

However, your driving and/or registering privileges remain under suspension for failure to comply with the law relative to Rev. Viol.

Your mandatory suspension period will expire on January 20, 1985. ”
Murphrey argues that the Department’s letter advising him that his suspension would expire on January 20, 1984, prohibits the Department from further extending his suspension for his conviction of driving while under suspension. We disagree.
The Department correctly advised Murphrey that his suspension expired on January 20; 1984, for his conviction of DWI (second offense). The record is void of any evidence that the Department advised Mur-phrey that his suspension period expired for both convictions. To the contrary, in reply to Murphrey’s inquiry concerning his conviction for driving while under suspension, the Department advised him of the *1156 additional year of suspended driving privileges. Although the Department’s notice to Murphrey of the second year of suspension was a few days before his first year suspension expired, we do not find the notice was an unreasonable delay. In State v. Cornelison, 304 So.2d 758 (La.App. 4th Cir.1974), the court held that a 14 month delay between defendant’s DWI (second offense) and the Department issuing a suspension order was not an unreasonable delay. Further, Murphrey made no showing that he was prejudiced thereby. To constitute error, Murphrey must show that he was prejudiced by the delay. State v. Cornelison, supra; Fontenot v. State, Dept. of Public Safety, 341 So.2d 80 (La.App. 3rd Cir.1976); Sneed v. Department of Public Safety, 343 So.2d 336 (La.App. 2nd Cir.1977), writ refused, 345 So.2d 900 (La.1977).
The suspension periods provided by R.S. 32:414 and R.S. 32:415 are mandatory without exception. The Cornelison court well stated the purpose for suspending driver privileges in observing that:
“The forthwith’ mandate of the statute is directed to the Department for the purpose of protecting the public at large from the habitually intoxicated motorist and not to create by implication a prescriptive period to relieve the convicted driver from the penalties of his own misconduct....”
The learned trial judge, after conscientiously studying R.S. 32:414 and R.S. 32:415, felt that the legislature should have indicated whether the suspensions provided under the statutes should run concurrent or consecutive. We disagree. Under this rationale, the legislature would have to indicate whether sentences can run concurrent or consecutive in all criminal offenses. The suspensions provided by R.S. 32:414 and R.S. 32:415 are mandatory for separate offenses, therefore, the imposition of consecutive suspensions is proper.
For the foregoing reasons, the judgment of the trial court is reversed. Judgment is hereby rendered in favor of the defendant, State of Louisiana, Department of Public Safety and against the plaintiff, Marvin D. Murphrey, dismissing plaintiff’s suit. All costs for this appeal and the trial are assessed to plaintiff-appellee.
REVERSED AND RENDERED.