631 So.2d 32 (1994)
James P. OWEN, Plaintiff-Appellee,
v.
STATE of Louisiana, DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, Defendant-Appellant.
No. 25402-CA.
Court of Appeal of Louisiana, Second Circuit.
January 19, 1994.
*34 Stephen A. Quidd, Dept. of Public Safety, Baton Rouge, for defendant-appellant.
Robert P. McLeod, Monroe, for plaintiffappellee.
Before LINDSAY, HIGHTOWER and BROWN, JJ.
BROWN, Judge.
By letter dated December 12, 1992, the Department of Public Safety suspended for one year the driver's license of plaintiff, James Patrick Owen, claiming violations of LSA-R.S. 32:414(C) and LSA-R.S. 32:414.1. On January 6, 1993, Owen sought judicial review in the Fourth Judicial District Court by filing a "Rule To Challenge Legality Of Suspension Of Driver's License Or Alternatively, For Restricted Driver's License." An evidentiary hearing was held on February 17, 1993. The trial court granted plaintiff's request to set aside the proposed one-year suspension, stating:
[That] 32:414C and 32:414.1 ... concerns the operation of a motor vehicle, and ... the State's suspension of ... [Owen's] ... driving privileges ... for ... loaning of [his] license to another individual to gain access into a nightclub or a bar to which that individual would not ... without that license would not have been entitled to gain admission is an unauthorized extension of the meaning of this law.

STATUTES
LSA-R.S. 32:414(C) states that the Department of Public Safety and Corrections shall suspend the license of any person, for a period of twelve months, upon receipt of evidence of a violation of any of the provisions of LSA-R.S. 32:414.1. LSA-R.S. 32:414.1 states, in part, that it shall be unlawful for any person:
2. To lend his operator's or chauffeur's license to any other person or knowingly permit the use thereof by another;
3. To display or represent as one's own any operator's or chauffeur's license not issued to him;
. . . .
6. To permit any unlawful use of an operator's or chauffeur's license issued to him;.... (emphasis added).
On appeal, the Department argues that the mere act of lending or permitting the use of one's driver's license is a violation of the statutory provisions. The trial court determined, however, that LSA-R.S. 32:414.1 applied only to activities associated with the operation of motor vehicles. The trial court's decision was based upon the fact that this provision is found in Title 32 under the heading Motor Vehicle And Traffic Regulations.
In support of its argument, the Department notes the common usage of driver's licenses for identification and specifically that the legislature has provided that an alcoholic beverage permit holder can rely on a current Louisiana driver's license in determining the age of a person seeking to enter the premises. LSA-R.S. 26:90.

BURDEN OF PROOF
When Owen invoked his right to a judicial review of his suspension, it was the obligation of the Department of Public Safety to prove by competent evidence the facts supporting its action. The district court does not simply review the findings of the administrative agency but must determine the facts surrounding the incident. State v. Moore, 311 So.2d 20 (La.App. 2d Cir.1975); Fontenot v. State, Department of Public Safety & Corrections, 625 So.2d 1122 (La.App. 1st Cir. 1993). In this case, the evidence presented consisted of a stipulation that:
... [O]n or about June 24, 1992 upon request of a friend of [Owen's] named Keith Allen, who said he wished to gain entry to a local lounge and dance hall ... [t]hat Mr. Owen then handed his license to Mr. Allen for that declared purpose.
Allen's age does not appear in the record; why Allen was unable to enter the nightclub without the use of Owen's license is unexplained. Thus, we are confronted with the limited issue of whether under 32:414.1(2) it is unlawful to permit another to use one's driver's license to gain entry to a bar.

*35 DISCUSSION

Determination of legislative intent is the paramount consideration in statutory interpretation. Courts should construe statutes to give them the meaning intended by the legislature and to avoid absurd results. State, Department of Social Services v. Parker, 595 So.2d 815 (La.App. 2d Cir.1992). To determine the meaning and intent of a particular provision within a statute, the court must consider the entirety of the statute and other laws on the same subject matter. A construction should be placed on the provision which is consistent with the express terms of the statute and with the obvious intent of the legislature. Hayden v. Richland Parish School Board, 554 So.2d 164 (La.App. 2d Cir.1989).
In determining the purpose the legislature had in view, where doubt exists, the title of the statute may be considered, although it can not be used in enlarging the text. Melancon v. Mizell, 216 La. 711, 44 So.2d 826 (1950).
Penal statutes must be strictly construed. State v. Russland Enterprises, 555 So.2d 1365 (La.1990). Any doubt concerning the coverage of a penal statute should be decided in favor of the accused and against the state. Under these interpretive principles, statutory provisions which result in the suspension of a driver's license must be strictly construed and any ambiguity must be interpreted in favor of the holder of the license and against the state.
In reading the provisions of LSA-R.S. 32:414.1 in their entirety, we observe that subsection (3) made it unlawful for Keith Allen to display or represent as his own another's driver's license and subsection (2) made it unlawful for Owen to permit the use by another of his driver's license. The provisions of LSA-R.S. 32:414.1(6) make it unlawful for any person to permit "any unlawful use of a driver's license issued to him." (emphasis added). To give these provisions meaning, we find reasonable the interpretation that the provisions of LSA-R.S. 32:414.1(2) prohibit permitting another to use one's driver's license in connection with the purposes for which the license was issued. We find it is reasonable to interpret the provisions of LSA-R.S. 32:414.1(6) as prohibiting the holder of a valid driver's license from permitting its use by anyone for any unlawful purpose. These two provisions can overlap. For example, to permit another to use one's driver's license to operate a vehicle is to also permit the commission of a crime.
It would be absurd to conclude that lending one's driver's license for use in scraping ice off a windshield or in scratching off a Lotto card should result in a one year suspension of driving privileges. At the same time, the very definition of driver's license, found in the provisions of LSA-R.S. 32:401(4), is "any license secured from the Department of Public Safety, in accordance with this chapter to operate a motor vehicle on the highways of this state ". (emphasis added).
A driver's license is commonly used for identification purposes, as recognized by certain statutes, e.g., LSA-R.S. 26:90. This, however, was not a use contemplated when LSA-R.S. 32:414.1 was enacted as evidenced by amendments passed in 1992. Effective in August 1992, LSA-R.S. 32:414 was amended to add section L, which specifically provides for a ninety day suspension "upon receiving satisfactory evidence of conviction, plea of guilty, or nolo contendere of any person charged with a violation of R.S. 14:333, if the court has ordered, as part of the sentence, the suspension of such person's driving privileges."
The provisions of LSA-R.S. 14:333 provide in pertinent part that it is unlawful for any person under the age of 21 years to present or offer to any person having a license or permit to sell alcoholic beverages, photostatic evidence of age and identity (which could include a driver's license) that is false, fraudulent, or not actually his own for the purpose of attempting to enter the licensed premises. (emphasis added). For purposes of this appeal, it is sufficient to observe that the provisions of LSA-R.S. 32:414(L) and 14:333 did not become effective until August 1992, while the incident causing the suspension in this case occurred in June 1992.
*36 Under this reasoning, subsection (3) of LSA-R.S. 32:414.1 makes it unlawful for Allen to represent Owen's license as his own for the purpose of operating a motor vehicle. If this subsection had meant to include the purpose of gaining admission to a bar, then there would have been no need for the 1992 amendment adding section L to LSA-R.S. 32:414. This amendment also provides for a ninety day suspension subject to judicial discretion rather than a one year suspension as required by LSA-R.S. 32:414(C) and 414.1(3).[1]
Furthermore, we can not conclude that Owen permitted his driver's license to be used in the commission of an unlawful act, as proscribed by 32:414.1(6), because the Department of Public Safety failed to offer proof of Keith Allen's age. Allen's age was essential to determine if anyone was guilty of unlawful conduct due to Allen's entry into the bar. Although not in effect at the time of this incident, LSA-R.S. 14:333 requires proof that the offender was under 21 years of age. If Allen was under the age of seventeen, then Owen would have violated LSA-R.S. 14:92(A)(3) (contributing to the delinquency of a minor). Likewise, LSA-R.S. 26:90 prohibits the sale or service of alcoholic beverages to any person under the age of 18 years. Because the record does not contain Allen's age, the applicability of these statutes has not been shown.
Accordingly, we hold that the trial court was correct in recalling the suspension of Owen's driver's license.

CONCLUSION
For the reasons set forth above, the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] LSA-R.S. 14:333 would make Allen's actions illegal if he was under the age of 21 years and subject him to a ninety day suspension, if so ordered as a part of his sentence; however, Owen would be in violation of LSA-R.S. 32:414.1(6) and subject to a one year suspension.