706 So.2d 152 (1997)
Thomas J. CALAMIA, Jr.
v.
LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, Office of Motor Vehicles.
No. 96 CA 2661.
Court of Appeal of Louisiana, First Circuit.
December 29, 1997.
*153 Paul Schexnayder, Baton Rouge, for Defendant/Appellant Louisiana Department of Public Safety & Corrections, Office of Motor Vehicles.
Michael Goff, New Orleans, for Plaintiff/Appellee Thomas J. Calamia, Jr.
Before GONZALES and PARRO, JJ., and TYSON,[1] J. Pro Tem.
GONZALES, Judge.
This is an appeal of a driver's license suspension. On March 3, 1994, Thomas J. Calamia, Jr. was arrested in St. Tammany Parish for driving while intoxicated, and he pled guilty to this offense on October 27, 1994. On March 21, 1994, Mr. Calamia was arrested in Bay St. Louis, Mississippi, for driving while intoxicated. He pled guilty to this violation on April 11, 1994.
On February 23, 1995, the Department of Public Safety (DPS) mailed two notices to Mr. Calamia. One of these notices informed Mr. Calamia that his driving privileges were being suspended for a period of 180 days beginning February 10, 1995, and ending August 9, 1995, for driving while intoxicated, first offense, based upon a conviction date of October 27, 1994.[2] The second notice informed him that his driving privileges were suspended for a period of 365 days beginning August 9, 1995 and ending on August 8, 1996, for driving while intoxicated, second conviction, based upon a conviction date of April 11, 1994 (the Mississippi conviction).
Mr. Calamia filed a petition for writ of injunction, arguing that both suspensions were unlawful because DPS was not authorized to suspend his license on a first offense for more than 90 days, and further, DPS was not authorized to suspend the commencement of any suspension, nor could DPS base a second offense suspension upon an offense which occurred prior to the offense which constituted the basis of the first offense suspension.
After a hearing, the trial court decided in favor of Mr. Calamia, ruling:
IT IS ORDERED, ADJUDGED AND DECREED that the 180 day suspension of the driving privileges of plaintiff, Thomas J. Calamia, Jr., by the defendant, DPS, arising out of the arrest on March 3, 1994, and subsequent guilty plea on October 27, 1994, and the 365 day suspension of the driving privileges of plaintiff, Thomas J. Calamia, Jr., by the defendant, DPS, arising out of the arrest on March 21, 1994, and subsequent guilty plea on April 11, 1994, for the offenses of driving while intoxicated, both as authorized by Louisiana Revised Statute 32:414 shall run concurrently, and defendant, DPS is hereby permanently enjoined from levying any suspension of the driving privileges of plaintiff, Thomas J. Calamia, Jr., arising out of either of the offenses that are the *154 subject of this lawsuit in excess of 365 days.
The DPS is appealing that judgment and makes the following assignment of error:
The trial court erred in holding that the suspensions imposed as a result of plaintiff-appellee's two convictions of driving while intoxicated should run concurrently.
In its reasons for judgment, the trial court found as follows:
Plaintiff claims that the April 11, 1994 DWI conviction was actually his first conviction; however, it was used as a second conviction by defendant in suspending his driving privileges for 365 days. The action taken by defendant in categorizing the October 27, 1994 DWI conviction date as the first offense and the April 11, 1994 DWI conviction date as the second offense is correct for the following reasons.
Louisiana Revised Statute 32:414 A(1)(a) provides for the suspension of the license of any person for a period of ninety days upon the entry of a plea of guilty to the first offense of operating a motor vehicle while under the influence of alcoholic beverages. The plea entered on October 27, 1994 was actually for a first offense DWI resulting from an arrest on March 3, 1994.
Louisiana Revised Statute 32:414 B(2)(a) provides for the suspension of driving privileges upon a guilty plea to a second offense of operating a motor vehicle while under the influence of intoxicating beverages. Therefore, the notice from defendant to plaintiff that his driving privileges were suspended for the April 11, 1994 guilty plea to a DWI based upon a March 21, 1994 arrest was proper.
Louisiana Revised Statute 32:414 A(1)(a) is based upon a first offense while Revised Statute 32:414 B(2)(a) is based upon a second offense. Admittedly, there is a different interpretation of sequential offenses when interpreting Louisiana Revised Statute 14:98.
* * * * * *
The defendant also alleges that plaintiff's interpretation of Louisiana Revised Statute 32:414 would lead to the absurd result of a person convicted of several DWI's in a short amount of time having a much shorter suspension than a person convicted of several DWI's over a long period of time. Defendant's observation is correct; however, the Legislature must address this problem.
The Court finds that defendant has no statutory authority to warrant running these license suspensions consecutively. Therefore, under Louisiana Revised Statute 32:414, defendant must suspend the license of the offender upon receiving satisfactory evidence of the conviction of operating a vehicle while under the influence of intoxicating beverages. Therefore, the suspension of license for multiple offenses may overlap under this statute.
At the time of Mr. Calamia's arrests, La. R.S. 32:414 provided in pertinent part:[3]
A.(1) The department shall suspend the license of any person for a period of ninety days upon receiving, from any district, city, or municipal court, of this state or of any other state, having traffic jurisdiction, or from any federal court or magistrate having traffic jurisdiction, satisfactory evidence of the conviction or of the entry of a plea of guilty or nolo contendere and sentence thereupon or of the forfeiture of bail of any such person charged with the first offense for operating a motor vehicle while under the influence of beverages of high alcoholic content, of low alcoholic content, of narcotic drugs, or of central nervous system stimulants. The department shall promptly investigate an allegation made by such licensee that the suspension of his driving privileges will deprive him or his family of the necessities of life, or will prevent him from earning a livelihood. If the department so finds, it may reinstate the license of such licensee; however, such suspension and reinstatement shall be considered as a first suspension and grant of restricted driving privileges for the purposes of R.S. 32:415.1 and the driving privileges of the licensee shall be restricted as provided in R.S. 32:415.1 for a period of *155 ninety days from the date of conviction or the entry of a plea of guilty or nolo contendere and sentence thereupon or of the forfeiture of bail. Notice of the restriction shall be attached to the license.
* * * * * *
B. The department shall forthwith suspend the license of any person, for a period of twelve months, upon receiving satisfactory evidence of the conviction or of the entry of a plea of guilty and sentence thereupon or of the forfeiture of bail of any such person charged with any of the following crimes:
* * * * * *
(2) Conviction or the entry of a plea of guilty and sentence thereupon, or of the forfeiture of bail of any such person on the second offense for operating or being in actual physical control of a motor vehicle while under the influence of intoxicating beverages, of central nervous system stimulants or depressants, or of narcotic drugs or any other drug or substance to a degree which renders him incapable of safely operating a motor vehicle, where any or all of the offenses were the result of violations of a state law, a municipal ordinance, a federal law, or any combination of them; however, any offense for operating or being in actual physical control of a motor vehicle while under the influence of alcoholic beverages which was committed more than five years prior to the commission of a subsequent such offense of operating or being in actual physical control of a motor vehicle while under the influence of alcoholic beverages shall not be considered in determining the number of such offenses of operating or controlling a motor vehicle while under the influence of alcoholic beverages which the person has committed.
Penal statutes must be strictly construed. Any doubt concerning the coverage of a penal statute should be decided in favor of the accused and against the state. Under these interpretive principles, statutory provisions which result in the suspension of a driver's license must be strictly construed, and any ambiguity must be interpreted in favor of the holder of the license and against the state. Owen v. Department of Public Safety and Corrections, 25402 (La.App.2d Cir. 1/19/94), 631 So.2d 32, 35.
In Murphrey v. State, Department of Public Safety, 476 So.2d 1153 (La.App. 3d Cir. 1985), the facts were as follows:
On August 13, 1982, Murphrey received a ticket from the State Police in Winn Parish for DWI. He refused to take the test but forfeited his bond of $400. When the Department received notice of the bond forfeiture, it directed a notice of suspension letter to Murphrey, suspending his driver's license from November 20, 1982, through January 20, 1983, a period of 60 days. In LaSalle Parish on December 24, 1982, during the period of suspension, Murphrey received a DWI (second offense) ticket from the State Police and also a ticket for driving while under suspension. He pleaded guilty to both offenses. As a result of these convictions, the Department suspended Murphrey's driver's license on each conviction for one year by separate notices to him dated April 30, 1983, and January 16, 1984, which extended the suspension until January 20, 1985. Simply stated, the Department imposed a consecutive suspension period for a total of two years.
476 So.2d at 1154.
The Murphrey court found:
The issue is whether the trial judge committed an error of law in holding that the mandatory suspensions of one year each, imposed by the Department for the convictions of driving while intoxicated (second offense) and driving under suspension, were to be served concurrently rather than consecutively. Germane to this issue is whether the Department's second suspension notice constituted an unreasonable delay. We reverse, finding that the Department can impose a consecutive suspension.
* * * * * *
The learned trial judge, after conscientiously studying R.S. 32:414 and R.S. 32:415, felt that the legislature should have indicated whether the suspensions provided under the statutes should run concurrent *156 or consecutive. We disagree. Under this rationale, the legislature would have to indicate whether sentences can run concurrent or consecutive in all criminal offenses. The suspensions provided by R.S. 32:414 and R.S. 32:415 are mandatory for separate offenses, therefore, the imposition of consecutive suspensions is proper.
476 So.2d at 1154, 1156.
By the same rationale, the sentences provided for in La. R.S. 32:414 A(1) and La. R.S. 32:414 B(2) are mandatory; therefore, the imposition of consecutive suspensions is proper. We further note that La.C.Cr.P. art. 883 provides:
If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently. In the case of the concurrent sentence, the judge shall specify, and the court minutes shall reflect, the date from which the sentences are to run concurrently.
Noting that the sentences herein are driver's license suspensions, and not terms of imprisonment, we nonetheless find that the same rationale of consecutive sentences applies.
Further, Louisiana Civil Code article 9 provides:
When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature.
Louisiana Civil Code article 10 provides:
When the language of the law is susceptible of different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law.
We note that the trial court's interpretation of La. R.S. 32:414 would lead to the absurd result that a person convicted of several DWI offenses in a short period of time would have a shorter period of suspension than a person convicted of several DWI's over a longer period of time. We find that this cannot be what the legislature intended. Therefore, we find that Mr. Calamia's sentences are to be served consecutively, rather than concurrently.
For the foregoing reasons, the trial court judgment is REVERSED, and the case is REMANDED to the trial court for further proceedings in accordance with the views expressed herein. Costs are assessed against Mr. Calamia.
PARRO, J., concurs.
NOTES
[1] The Honorable Ralph E. Tyson, Judge, Nineteenth Judicial District Court, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] Although the notice states the duration of suspension is 90 days, the suspension was enhanced to 180 days for refusal to submit to a breath test.
[3] We note that the trial court's reasons for judgment refer to La. R.S. 32:414 A(1)(a); however, at the time Mr. Calamia was arrested, this statute was numbered 32:414 A(1).